AARON MARDER, PLAINTIFF-APPELLANT, v. REALTY CONSTRUCTION CO., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT, AND LEONARD ENGLEBROOK *ET AL.*, DEFENDANTS.

Argued November 17, 1964—Decided December 14, 1964.

*Mr. Philip J. Mylod* argued the cause for appellant (*Messrs. Mylod & Mylod,* attorneys).

*Mr. Harry Krieger* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. This is an action for possession of real property brought under *N. J. S.* 2A:35–1 which provides that a person "claiming the right of possession of real property in the possession of another, or claiming title to such real property" shall be entitled to have "his rights determined" in an action in a court therein specified. Defendant disavowed any interest in the property and denied ever having been in possession. The trial court directed judgment for defendant upon plaintiff's opening and the Appellate Division affirmed. *Mar-*

*der v. Realty Construction Co.*, 84 *N. J. Super.* 313 (*App. Div.* 1964). A judge of the Appellate Division having dissented, plaintiff was able to come to us as of right. *R. R.* 1:2–1(b).

Plaintiff paid $125 for a strip of land (8′ x 212′) on a bid-purchase from a public agency. The property apparently is not usable as a separate parcel and hence plaintiff tried to sell it to defendant, the owner of an abutting apartment house. A deal not ensuing, certain events did. We are not resolving the factual dispute, but to give the reader the flavor of the controversy we note the counter assertions. Defendant says plaintiff suffered his strip to become unkempt and unhealthy, thereby to encourage the sale, and that defendant tidied it up in defense of its interests. Plaintiff, however, says that defendant appropriated the strip to defendant's enjoyment by thus making it seem to be part of defendant's lands. Moreover, plaintiff charges that defendant caused snow to be shoveled from its driveway onto plaintiff's strip, caused automobiles to be parked on it, and placed ash cans on the sidewalk in front of the strip. Plaintiff says that when he complained of the ash cans, an officer of defendant replied, "Sue me."

The obvious purpose of the suit is not to recover possession or to establish title, but rather to obtain damages. The real issue is the measure of damages if defendant is liable. Plaintiff seeks damages measured by the terms of *N. J. S.* 2A:35–2 which provides that in an action under *N. J. S.* 2A:35–1 plaintiff shall recover "any and all incidental damages, including mesne profits, and the full value of the use and occupation of the premises" for the period of defendant's possession, not exceeding six years prior to suit.

It seems to us that this case has been unduly complicated. As we have said, what plaintiff wants is damages. The question whether defendant took "possession" of the strip is merely a prelude to the question, how much?; and we see no reason why that question cannot be approached directly without regard to whether defendant did or did not take "possession."

While holding the alleged claim was beyond the specific statutory remedy upon which plaintiff insisted, a holding with which we agree, the trial court expressly reserved to plaintiff an opportunity to seek damages upon the basis of "trespass." We do not understand the trial court's use of "trespass" was intended to limit plaintiff to an injury to the freehold, thereby excluding compensation for some benefit the defendant may have garnered by a wrongful act unattended by depreciation of the value of the strip. See *Bunke v. New York Telephone Co.*, 110 *App. Div.* 241, 97 *N. Y. Supp.* 66, 71 (*App. Div.*, 1st *Dept.* 1905), affirmed 188 *N. Y.* 600, 81 *N. E.* 1161 (*Ct. App.* 1907); 87 *C. J. S. Trespass* § 119, *p.* 1075. We construe the trial court's action to permit plaintiff to assert a claim for whatever damages the facts may lawfully warrant, unrestrained by common law pleading or nomenclature. The opinion of the Appellate Division may perhaps be read more narrowly, see 84 *N. J. Super.*, at *p.* 319, and if this is so, then of course our expression will supersede it. Plaintiff may pursue the indicated course within the present cause if he is so minded.

Plaintiff also complains of the action of the trial court vacating a default judgment. We agree with the Appellate Division's disposition of that issue.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.