144 N.J. Super. 309 (1976)
365 A.2d 477
AEON REALTY COMPANY, A CORPORATION, PLAINTIFF-APPELLANT,
v.
THOMAS ARTH AND ELIZABETH ARTH, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 20, 1976.
Decided October 4, 1976.
*311 Before Judges FRITZ, CRAHAY and ARD.
Mr. Joseph F. Rubacky, Jr., attorney for appellant.
There was no appearance on behalf of respondents.
PER CURIAM
In this county district court tenancy action plaintiff landlord appeals from the dismissal of its complaint by the trial judge on his own motion. There was no hearing on the factual allegations pled in the complaint praying for possession. The judge essentially concluded:
* * * this apparently one of those older lease arrangements where the property owner continues to own the land and the building owner continues to own and improve the building and everybody keeps their fingers crossed that there is never going to be any litigation about it.

* * * * * * * *
* * * the Court feels obliged on its own motion sua sponte for the record to dismiss the present tenancy action in the District Court, the Court being of the opinion that the subject matter of this lawsuit is properly one for a Superior Court civil action, what is formally known as an action in ejectment * * *
Nothing more.
*312 The involved property was held under the written lease which authorized the tenant to improve the property (a lakeside campsite) and allowed for the removal of buildings and improvements.
Our review of the record satisfies us that there was no basis for disclaiming jurisdiction here, and we reverse.
N.J.S.A. 2A:18-53 confers jurisdiction in county district courts to remove tenants or lessees from lands and buildings in certain cases, including (1) lessees holding over in possession after the expiration of their lease term; (2) defaults in rent payments and (3) certain enumerated violations of leasing agreements. Significantly, the act does not withhold jurisdiction in matters where, as here, title to an improvement may continue to reside in the lessee or tenant.
The complaint was in four counts and alleged (1) default in rental payments; (2) refusal by defendants to sign a renewal lease, thereby unlawfully holding over in possession, and (3) violations of lease provisions by improving the property without the landlord's permission.
Clearly, the pleaded causes of action were within the contemplation of N.J.S.A. 2A:18-53 and the trial judge should have held jurisdiction and resolved the pleaded allegations. If factually warranted, appellant was entitled to the speedy restoration of its property. Charlie Collins Chevrolet v. Zebrowski, 130 N.J. Super. 116, 118 (App. Div. 1974).
While not firmly set by the sparse record below, we will assume that whatever improvements existed on the property, title to them was in defendants. Whatever, that fact was collateral to the issue of plaintiff's entitlement to immediate possession and certainly not of a quality to defeat it. Newark Housing Authority v. West, 69 N.J. 293 (1976).
In sum, the issues generated by plaintiff's complaint were cognizable as a county district court tenancy action and not, as stated by the trial judge as a "civil action in the Superior Court in lieu of ejectment." Presumably reference was made to N.J.S.A. 2A:35-1 (jurisdiction in real property *313 possessory actions). That statute replaces the common-law action of ejectment and ordinarily is addressed to matters involving both claims to possession by a defendant as well as claims by him  real or constructive  to title to the realty. Marder v. Realty Construction Co., 84 N.J. Super. 313, 321 (App. Div. 1964), aff'd 43 N.J. 508 (1964).
In any event, the distinction between possessory actions under N.J.S.A. 2A:35-1 and county district court summary dispossession actions under N.J.S.A. 2A:18-53 et seq. is now clear. The potential availability of the former remedy to a landowner is no bar to the latter where its statutory ingredients are present. 23 N.J. Practice (Le Wine, Landlord and Tenant Law), § 3541 at 581 (1962). Moreover, at common law, improvements to realty by a tenant would not defeat an owner's possessory action. Van Blarcom v. Kip, 26 N.J.L. 351, 362 (Sup. Ct. 1857). We know of no authority, nor de we perceive any rational basis, to hold that such activity by a tenant would be a bar to a summary dispossession action.
Accordingly, the order dismissing plaintiff's complaint is reversed and the matter remanded to the county district court for plenary hearing. We do not retain jurisdiction.