193 N.J. Super. 474 (1984)
475 A.2d 52
BRODER CREDIT & COLLECTION SVC., PLAINTIFF-RESPONDENT,
v.
DOUG BURTON, INDIVIDUALLY AND T/A BURTON CERAMIC TILE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 20, 1984.
Decided February 21, 1984.
*476 Before Judges BOTTER, PRESSLER and O'BRIEN.
Donald W. Rinaldo, attorney for appellant.
No brief was timely filed by respondent.
The opinion of the court was delivered by O'BRIEN, J.A.D.
This case involves a small claim, an inconsiderate attorney and a court's efforts to manage its calendar. The appeal concerns defendant's attempt to vacate a default judgment.
Plaintiff filed a two-count complaint in the district court seeking to recover $273 on a book account and for services rendered.[1] No matter how small the amount in controversy, it is the function of this court to see that justice is done. See Hoddeson v. Koos Bros., 47 N.J. Super. 224, 228 (App.Div. 1957).
Pursuant to the Early Settlement Program of the county district court, a notice was sent to the attorneys listing the matter for a settlement conference on July 7, 1981 at 9:00 a.m. The notice contained the following paragraph:
NOTE: THIS IS A REQUIRED COURT APPEARANCE. If this letter is directed to a party who has no attorney and is representing himself, he must be present in court on the date and at the time assigned. If this letter is directed to an attorney, he and his client must be present in court as directed.
The final paragraph stated in part:
... and if you are the defendant (the person being sued) and your [sic] fail to appear, a default will be entered against you and the plaintiff will be allowed to *477 obtain a judgment against you without any further notice to you and without your being present in court.
It was signed by the presiding judge of the district court.
Plaintiff's counsel attended the settlement conference as directed. Neither defendant nor his attorney appeared at 9:00 a.m., but at 10:30 a.m. defendant's attorney called the court to advise that he was not coming because his client felt very strongly about the case and would not pay anything, and that settlement was impossible.[2]
By letter dated July 17, 1981 plaintiff's attorney advised defendant that judgment had been entered against him for $273 plus costs of $26.35 for a total of $299.35, and threatened execution if not paid.
Defendant's attorney filed a notice of motion on July 24, 1981 seeking to set aside the judgment under R. 4:50-1, supported by his own affidavit in which he denied knowledge as to why the judgment had been entered. The notice of motion was on a printed form and contained the following paragraph:
Pursuant to R. 1:6-2 the undersigned requests that this matter be submitted to the court for a ruling on the papers. A proposed form of order is annexed.
The court heard the motion on August 28, 1981. On that day plaintiff's attorney appeared but neither defendant nor his attorney appeared. Defendant's attorney claimed that he considered that oral argument had been waived and that the motion would be disposed of pursuant to R. 1:6-2 since he had *478 not had notice of any objection from plaintiff's attorney. Plaintiff's attorney contends he did file an objection to the motion on July 27, 1981 by letter to the court. He wasn't certain that he had sent his adversary a copy of that letter because he had had surgery on July 30, "so I was not perhaps thinking about everything at the time." However, the court did receive the objection and set the motion down for hearing on August 28, 1981, and both attorneys were sent notice by the court. See R. 6:3-3(a). At the hearing plaintiff's attorney argued that at no time did defendant set forth that he had a meritorious defense. See Marder v. Realty Construction Co., 84 N.J. Super. 313, 318 (App.Div. 1964), aff'd 43 N.J. 508 (1964). The court denied the motion.
Defendant's attorney filed a new motion in September 1981 seeking reconsideration of the court's order of August 28, 1981 denying his first motion to set aside the judgment. This motion was supported by a lengthy affidavit by the attorney setting forth the nature of the claim and the defense thereto,[3] and explained his non-appearance on August 28, 1981.
Plaintiff's attorney cross-moved for counsel fees based upon his two prior appearances in court, i.e., at the settlement conference and the first motion, and his anticipated appearance on the new motion.
These motions were heard on September 11, 1981 in the presence of both attorneys. In his affidavit defendant's attorney argued that requiring his appearance at the settlement conference, in a case where the amount sued for was less than *479 his fee would be to attend the conference, was unreasonable. His only explanation as to why his client, who lived in the same county, could not attend the conference was "it would be a waste of time." He did not explain why he waited until 10:30 a.m. on the morning of the settlement conference to advise the court that neither he nor his client would appear. He implies that he was urging his client to appear but that the client refused.
The motion was denied by the trial judge who suggested that his original denial, on August 28, 1981, should have been appealed. He denied the application for attorney's fees on the ground that plaintiff's attorney had not given notice to defendant's attorney of his objection to the original motion.[4]
This appeal was filed on December 11, 1981 but was dismissed for lack of prosecution on August 25, 1982. It was reinstated on October 13, 1982 on appellant's motion to vacate the dismissal, reinstate the appeal and file appellant's brief nunc pro tunc, on condition that defendant's attorney personally pay a sanction of $100, which has been paid.
Early Settlement Programs are a desirable managerial tool to dispose of litigation. However, such a program must be administered reasonably. We conclude that it is totally unreasonable to require the parties and their attorneys to attend a separate settlement conference where the amount sued for is as small as that in this case. The very purpose of the small claims division is to enable litigants to dispose of small claims on the return day. See R. 6:2-1 and R. 6:11. Institution of the suit in the district court for purposes of obtaining discovery, see R. 6:4-3, or for whatever purpose, thwarts that goal. Those administering the Early Settlement Program should be instructed to weed out those cases which involve amounts within the *480 jurisdiction of the small claims division.[5] It should be obvious that where the amount in dispute is less than the counsel fee that will be charged to attend the settlement conference, the parties should not be required to incur such expense. Nor should counsel be expected to attend without payment of fee.
On the other hand, no matter what the amount involved, when an attorney undertakes to represent a client he has an obligation to fully protect his client's interest. D.R. 7-101(A)(1). Here, defendant's problem was created in great part by the actions of his attorney. Upon receipt of the notice fixing the settlement conference, he had a clear obligation to notify the court and his adversary that the matter could not be settled.[6] This does not mean notification an hour-and-a-half after the time fixed for the conference. We note that the attorney has been less than candid in his certifications filed below and in his brief filed with this court. He sought to create the impression that he had notified his adversary and the court in advance of the date fixed for the settlement conference. He failed to set forth in his affidavit supporting the motion to set aside the judgment the particulars of his client's meritorious defense, see Marder v. Realty Construction Co., 84 N.J. Super. 313, 318 (App.Div. 1964), nor did he file an affidavit or certification by his client, see R. 1:6-6. Furthermore, he feigned a lack of knowledge as to why a judgment had been entered against his client, notwithstanding notice to him of that sanction contained in the Early Settlement Program notice. He knew that neither he nor his client had appeared and that his call to the court was well beyond the time fixed for the conference. If in truth he did not know why judgment was entered against his client, a telephone call to the clerk's office would have revealed the reason.
*481 Rather than appeal from the denial of his motion, defendant's attorney chose to move for a reconsideration of that denial. Once again he sought to have it decided on the papers under R. 1:6-2. Although his affidavit in support of that motion is more complete, once more there is no affidavit from his client. On appeal to this court defendant's attorney failed to follow the time limitations contained in the Rules, resulting in the dismissal of his client's appeal. He has paid a personal sanction of $100 for that.
We have concluded that the judgment should be set aside as improvidently entered since this case should not have been included within the Early Settlement Program. The denial of the motion to reconsider the denial of the motion to set aside the judgment is reversed. The judgment entered is set aside, and the matter is remanded to the trial court for the fixing of a firm trial date, not a settlement conference. At trial the court may reconsider the award of counsel fees to plaintiff's attorney for his appearance at the settlement conference as directed by the court. We do not retain jurisdiction.
NOTES
[1] The amount sued for brought this case within the jurisdiction of the Small Claims Division under N.J.S.A. 2A:6-43. Had it been instituted there it would have been heard on the return day, R. 6:11, filing fees would have been less, and it probably would not have been included in The Early Settlement Program.
[2] In a certification dated September 22, 1981 responding to a certification and an affidavit by plaintiff's counsel which had stated that defendant's counsel did not call until 10:30 a.m., defendant's counsel says: "... it would have unduly consumed the time of my adversary and the time of the Court. Therefore, the time of my adversary and the Court was saved. No time was wasted on an intended result which could not be achieved. It was impossible to advise the Court previously, as it was my intention to have my client appear, but he would not pay anything whatsoever and, therefore as stated, I avoided a futile act and an undue consumption of time." We assume this admits that counsel did not call until 10:30 a.m. on the day of the settlement conference without having advised his adversary nor the court that he and his client would not appear. How the time of his adversary was saved defies understanding.
[3] Plaintiff is a collection agency which had been hired by defendant to collect a $1,500 debt. After about a month of efforts to collect, plaintiff notified defendant that it could not collect the debt and suggested that an attorney be hired which would require a fee of $75. Defendant did not send the requested attorney's fee to plaintiff but proceeded to settle the debt through his own efforts. When plaintiff learned of the collection, it sought a certain percentage of the monies collected. Thus, defendant contended that the oral contract was terminated when plaintiff failed to collect the debt and that plaintiff was not entitled to any part of the funds collected by defendant's efforts.
[4] This conclusion by the trial judge suggests that he should have reconsidered his original decision. However, he implied that if he had reconsidered he would have denied the motion anyway.
[5] Efforts to settle these cases can of course be made on the trial day when the parties are present.
[6] The record does not indicate when the notice was received.