**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3042-15T2

LINDEN MEDICAL ASSOCIATES, P.C.,

    Plaintiff-Respondent,

v.

EBELE NNEKA ILOGU,

    Defendant-Appellant.

_____

Submitted March 30, 2017 - Decided  May 8, 2017

Before Judges Lihotz and Hoffman.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No. L-
4775-15.

John C. Uyamadu, attorney for appellant.

Rajan & Rajan, LLP, attorneys for respondent
(Jordan B. Dascal and Oscar A. Escobar, Jr.,
of counsel and on the brief).

PER CURIAM

    Defendant Ebele Nneka Ilogu appeals from three Law Division orders: a November 24, 2015 order entering default judgment when she failed to respond to plaintiff's complaint alleging breach of contract; a February 5, 2016 order denying her motion to vacate

the default judgment; and a March 18, 2016 order denying her motion for reconsideration. On appeal, defendant maintains the Law Division judge erroneously refused to vacate the default judgment despite her challenges, plaintiff failed to abide the arbitration clause in the agreement, and the consequential damages clause is unconscionable. Following our review of the arguments presented, in light of the record and applicable law, we conclude defendant failed to satisfy the requirements of Rule 4:50-1. Accordingly, we deny her request to vacate default judgment.

Defendant, a nurse practitioner, began working for plaintiff, Linden Medical Associates, M.D., P.C., on a per diem basis. Shortly thereafter, the parties executed a two-year employment contract "commencing on July 15, 2014."[1] Defendant employed an attorney to review the employment contract prior to her execution. Under the terms of the contract, defendant was paid a salary, provided two weeks paid vacation, permitted satisfaction of professional fees, given up to $5000 in reimbursement for personal health insurance, and was included on plaintiff's malpractice

---

[1] The record contains a per diem contract and an employment contract, both of which contain a date adjacent to defendant's signatures of June 24, 2014. However, the parties suggest the two-year employment contract under review actually was signed on July 16, 2014, and backdated to the date defendant started employment.

A-3042-15T2

insurance.  The contract stated either party may terminate the agreement with ninety days written notice, upon a material breach of its terms.  Additionally, in the event of a dispute, the contract contained an arbitration clause.[2]  Finally, the agreement contained two liquidated damages provisions:  first, if defendant resigned before the end of the contract term, plaintiff was entitled to $20,000 as liquidated damages; and second, if defendant resigned upon less than ninety days' notice, plaintiff was entitled to an additional $20,000.

Giving approximately one month's notice, defendant submitted her resignation, effective March 31, 2015.[3]  Plaintiff filed a four-count complaint on August 12, 2015, alleging breach of contract, breach of the covenant of good faith and fair dealing, misrepresentation and fraud, and tortious interference with

---

[2]    Many of defendant's arguments are premised on plaintiff's failure to comply with the agreement's arbitration clause.  We do note the clause as drafted contains misstatements, such as invoking the New Jersey State Arbitration Code and providing venue for "any litigation will be the Circuit Court of Elizabeth in Union County." Nevertheless, for the reasons stated in our opinion, we affirm the orders and judgment making it unnecessary to consider the arbitration clause.

[3]    Plaintiff references defendant filed a claim with the Department of Labor (DOL), seeking alleged vacation pay, which plaintiff states was dismissed at a December 21, 2015 hearing "for lack of merit."

contractual relations. Plaintiff demanded $40,000 as liquidated damages.

Plaintiff proved the complaint was personally served. Defendant did not respond and ignored plaintiff's follow-up call and correspondence.

Plaintiff moved for entry of default and submitted proofs supporting its damage request. Judge Arthur Bergman entered default judgment on November 24, 2015, which required defendant to pay plaintiff $44,255.90, consisting of liquidated damages, prejudgment interest, attorney's fees and costs of suit.

On December 31, 2015, defendant moved to vacate the default judgment. Defendant maintained plaintiff failed to serve the request for default, did not comply with the agreement's arbitration provision, breached the agreement by switching her hours and not affording necessary training, and asserted the liquidated damage clause was punitive. Following extensive oral argument, Judge Bergman concluded defendant did not prove excusable neglect. In fact, he found she offered no explanation for her failure to answer. The February 5, 2016 order denied defendant's motion to vacate the judgment.

Defendant requested reconsideration, asserting her failure to respond after receipt of the complaint resulted from an inability to retain counsel. Identifying contradictions in

defendant's certification filed in support of her motion, Judge Bergman stated her "certification is disingenuous at best, untruthful at worst." He concluded:

> And I have no . . . basis whatsoever to . . . understand why she didn't file an answer, between the time she called the attorney for plaintiff to say, well, she's having trouble getting a lawyer and the four notices, that they [sic] gave her extra time, . . . told her they're going to default her, and they default her and they got a default judgment.
>
> The whole period of time, that's several months. . . . [W]henever [counsel was] retained, it was December, . . . she never responded at all. She could have just picked up the phone and called, could have written a letter. She was certainly capable of filing the complaint for overtime. And she's telling us she's not capable of filing an answer.
>
> I have no reason why. I have no explanation why. And that's it. You've had two bites at the apple. That's all the apple you're going to bite. So, the motion is denied.

Defendant moved to stay the judgment and filed a timely notice of appeal. Judge Bergman denied the request for stay, and defendant's emergent application to this court seeking a stay pending appeal was also denied.

The standards guiding a trial judge's consideration of a request to vacate a default judgment, as well as the standards guiding our review of the resultant order, are well-defined. A party must present evidence showing the failure to file timely

responsive pleadings was the result of excusable neglect, and must also assert the existence of a "meritorious defense."  US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 469 (2012); see also, Morales v. Santiago, 217 N.J. Super. 496, 501 (App. Div. 1987) ("[A] defendant seeking to reopen a default judgment must show that the neglect to answer was excusable under the circumstances and that he [or she] has a meritorious defense.") (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div.), aff'd, 43 N.J. 508 (1964)).

> When the matter has proceeded to the second stage and the court has entered a default judgment pursuant to Rule 4:43-2, the party seeking to vacate the judgment must meet the standard of Rule 4:50-1 . . . .
>
> The rule is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)).
>
> The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion. See DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994).  The Court finds an abuse of discretion when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting

> Flagg v. Essex Cnty. Prosecutor, 171 <u>N.J.</u> 561, 571 (2002)).
>
> [<u>Guillaume</u>, <u>supra</u>, 209 <u>N.J.</u> at 467-68.]

Defendant urges we vacate the default judgment, along with the subsequent orders, by suggesting the arbitration clause precludes adjudication of plaintiff's complaint in the Superior Court. Alternatively, defendant contends the "Circuit Court of Elizabeth" refers to the Superior Court, Union County. Defendant maintains the liquidated damage provisions were unconscionable, making them void ab initio and unenforceable. Finally, she challenges the substance of plaintiff's proofs as insufficient to support the judgment.

What remains absent from defendant's presentation is the basis underlying her failure to answer. Defendant's bald invocation, suggesting justice requires the default judgment be vacated, ignores the very clear procedural requirements of <u>Rule</u> 4:50-1.

"'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" <u>Guillaume</u>, <u>supra</u>, 209 <u>N.J.</u> at 468 (quoting <u>Mancini</u>, <u>supra</u>, 132 <u>N.J.</u> at 335). Our precedents make clear, "mere carelessness" is insufficient. <u>Ibid.</u> (quoting <u>Baumann</u>, <u>supra</u>, 95 <u>N.J.</u> at 394). Absent demonstrable excusable

neglect, we need not examine the matter further. Rather, this court must affirm the denial of the motion to vacate. Id. at 469.

Here, defendant was properly served with the complaint, accompanied by a summons instructing the time to answer. She called plaintiff's counsel and was granted additional time to search for a legal representative and to answer. Defendant disregarded plaintiff's follow-up letters, dated October 7, 2015 (advising default would be requested if she did not respond by October 16), October 22, 2015 (informing her default was requested), and November 11, 2015 (seeking entry of default judgment). Pursuant to the requirements of Rule 4:43-1 and Rule 4:43-2, plaintiff mailed defendant its submissions for entry of default and default judgment by first class and certified mail. No additional notice is required. See Dynasty Bldg. Corp. v. Ackerman, 376 N.J. Super. 280, 285 (App. Div. 2005) (declining to set aside default despite flawed notice, absent prejudice to the defendant). Further, defendant initiated DOL administrative proceedings to seek vacation pay, reflecting her level of sophistication in pursuit of redress. She offers no reason for not contacting plaintiff or the court seeking additional time to respond to plaintiff's complaint.

Arguments challenging venue cannot suffice as supporting excusable neglect, nor can defendant's allegations the liquidated

damages were unconscionable. Defendant's failure to show excusable neglect defeats her request to vacate the default judgment.

We also reject as lacking merit, R. 2:11-2(e)(1)(E), the claim awarded damages were not sufficiently proven by plaintiff because the judge did not conduct a proof hearing. See Morales, supra, 217 N.J. Super. at 505 (stating the necessity of a proof hearing rests with the discretion of the trial judge).

We conclude Judge Bergman afforded defendant many opportunities to support her request to vacate the default judgment. However, she could not demonstrate excusable neglect; rather, the record shows she ignored plaintiff's complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION