**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1166-18T3

ADSIMILIS B.V.,

     Plaintiff-Respondent,

v.

NUWAY LIVING, INC.,

     Defendant-Appellant.

_____

Submitted October 2, 2019 – Decided October 10, 2019

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6449-17.

Ronald De Simone, attorney for appellant.

Saldana Law Firm, LLC, attorneys for respondent (Lanhi H. Saldana and John O'Brien, on the brief).

PER CURIAM

     Defendant Nuway Living, Inc. appeals from the trial court's August 31, 2018 order denying defendant's motion to vacate a default judgment, as well as

the court's October 9, 2018 order denying defendant's motion for reconsideration. The matter arises from a breach of contract action in which plaintiff filed a complaint against defendant for non-payment of services. After accepting service of the complaint, defendant failed to answer. Consequently, plaintiff requested and obtained a default judgment. On appeal, defendant contends that the default judgment should be vacated under Rule 4:50-1 because defendant demonstrated excusable neglect and a meritorious defense. Having reviewed the record in light of the applicable legal principles, we affirm.

The parties contracted for plaintiff to provide internet marketing and advertising services to defendant. Plaintiff allegedly performed the services agreed to, but defendant claimed the rendered services did not conform to the contract. A dispute arose, and defendant refused to pay plaintiff. Thereafter, plaintiff filed a complaint against defendant for non-payment under the contract. On November 7, 2017, plaintiff personally served defendant at its registered business address, and service was accepted by Rama Singh, defendant's managing agent and Chief Operating Officer (COO). After defendant failed to answer, plaintiff requested and obtained an entry of default against defendant on January 22, 2018. Plaintiff then moved for a final judgment by default, which the court entered on February 6, 2018. Plaintiff obtained a writ of execution on

May 17, 2018, served it on July 16, 2018, and successfully executed it on July 26, 2018.

Meanwhile, on July 18, 2018, defendant filed a motion to vacate the default judgment and stay the sheriff's levy and sale, asserting "excusable neglect together with meritorious defenses" under Rule 4:50-1(a). An attached certification also indicated defendant's reliance on Rule 4:50-1(f), providing for "any other reason justifying relief from the operation of the judgment or Order."

Defendant attached to its motion papers a proposed answer and counterclaim, in which it alleged that plaintiff engaged in fraud. In support of its fraud claim, defendant asserted that plaintiff sent defendant more than 100 orders per day, largely including "incentivized, coupon paid, survey paid traffic." Defendant certified that about ninety-one percent of these orders were voided, charged back, or declined after it had already fulfilled them. Notwithstanding the cancellation of these orders, plaintiff allegedly charged defendant $162,694 for its services. Defendant alleged that plaintiff's request for payment was unjustified because it was "artificially inflated . . . since these buyers were incentivized or coupon buyers which are typically paid money to register to buy a product and then immediately cancel or void their orders . . . ."

A-1166-18T3

On August 31, 2018, the trial judge denied defendant's motion to vacate the default judgment. The judge found that plaintiff had personally served defendant at its registered business on November 7, 2017. The judge concluded that while defendant had outlined what it alleged to be a meritorious defense, it failed to show excusable neglect or any valid reason for its failure to appear until five months after entry of the default judgment and eight months after service of the complaint.

On September 11, 2018, defendant filed a motion for reconsideration. The COO submitted an affidavit explaining that defendant had not appeared in the action sooner because at the time the complaint was served, he was staying in New York City to assist his wife, who is also defendant's president, while she recovered from a September 2017 knee replacement surgery. According to the COO, his wife was a high risk patient, requiring her to stay near the New York City hospital during recovery. Additionally, she required assistance due to her lack of mobility. The COO asserted that once he and his wife were able to review plaintiff's complaint, he began looking for an attorney, and that he only obtained legal representation in June 2018.

On October 5, 2018, the trial judge denied defendant's motion for reconsideration because defendant failed to demonstrate that denial of the

A-1166-18T3

motion to vacate the default judgment relied on an irrational basis or that the judge failed to consider or appreciate probative, competent evidence. After denying the motion, the judge commented on the "new" facts that defendant asserted, concluding that they did not constitute excusable neglect. The judge reasoned that defendant's delay was solely the result of its own conduct, and defendant neither went "through great strides to timely resolve the dispute[,]" nor "dealt with an element that it arguably could not control." In making this determination, the judge relied on Mancini v. EDS ex rel New Jersey Automobile Full Insurance Underwriting Association, 132 N.J. 330, 334 (1993), Olympic Industrial Park v. P.L., Inc., 208 N.J. Super. 577, 581 (App. Div. 1986), and Marder v. Realty Construction Co., 84 N.J. Super. 313, 318 (App. Div.) aff'd, 43 N.J. 508 (1964). This appeal ensued.

Defendant argues on appeal that it showed excusable neglect by explaining the COO's need to care for his wife after her surgery. Defendant further contends that it is not the type of business to get sued, so it could not be expected to have procedures in place to forward any complaints it receives while its executive officers were away. Defendant also contests the judge's failure to consider its fraud claim, arguing that it was intended to be the grounds for

moving to vacate the default judgment under Rule 4:50-1 because fraud constitutes a "special circumstance" warranting relief from judgment.

We review a trial judge's denial of a motion to vacate a default judgment for an abuse of discretion. Mancini, 132 N.J. at 334 (citation omitted). Rule 4:50-1, governing relief from a judgment or order, "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Ibid. (internal quotation marks omitted) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)). The court should view such motions with great liberality. Ibid. (quoting Marder, 84 N.J. Super. at 319).

A trial judge may grant a party's motion to vacate a default judgment for several reasons, including "(a) mistake, inadvertence, surprise, or excusable neglect . . . or (f) any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(a), (f). The defendant must also show that it has a meritorious defense. Marder, 84 N.J. Super. at 318 (citations omitted).

Under Rule 4:50-1(a), the judge must find that the defendant's failure to appear resulted from neglect excusable under the circumstances. Mancini, 132 N.J. at 334 (citation omitted) (alterations in original). The judge may find excusable neglect when the defendant's conduct was "attributable to an honest

mistake that is compatible with due diligence or reasonable prudence." Id. at 335 (citations omitted).

Under Rule 4:50-1(f), the judge has broad discretion to grant relief in exceptional circumstances but only if presented with "a reason not included among any of the reasons subject to the one year limitation."[1] Baumann, 95 N.J. at 395 (citing Manning Engr'g, Inc. v. Hudson Cty. Park Comm'n., 74 N.J. 113, 120 (1977)). "[This] rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 484 (2012) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994)); see Manning Engr'g, 74 N.J. at 125 (granting relief under Rule 4:50-1(f) "because of the public policy to prevent recovery of damages for breach of an illegal public contract"); Court Inv'r Co. v. Perillo, 48 N.J. 334, 347 (1966) (granting relief under Rule 4:50-1(f) where defendant's attorney falsely assured that suit was taken care of but default judgment was later entered).

Factors militating against a finding of extraordinary circumstances include the defendant's choice not to respond, freedom to act, retention of counsel, benefit of a trial, and inexcusable negligence. Baumann, 95 N.J. at

---

[1] The reasons subject to the one year limitation include excusable neglect, newly discovered evidence, and fraud. R. 4:50-2.

395-96 (citing <u>Ackermann v. United States</u>, 340 U.S. 193 (1950) and <u>Klapprott v. United States</u>, 335 U.S. 601 (1949)).

We also review a trial judge's denial of a motion for reconsideration for an abuse of discretion. <u>Fusco v. Bd. of Educ. of City of Newark</u>, 349 N.J. Super. 455, 462 (App. Div. 2002). A motion for reconsideration "shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ." <u>R.</u> 4:49-2. The judge should only grant this motion if "1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting <u>D'Atria v. D'Atria</u>, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

We reject defendant's contention that the trial judge abused her discretion in denying defendant's motion to vacate the default judgment. In that regard, defendant failed to provide any evidence to show that it made an honest mistake compatible with due diligence or reasonable prudence. <u>See</u> <u>Mancini</u>, 132 N.J. at 334. Defendant was personally served in November 2017, in accordance with <u>Rule</u> 4:4-4(a)(6), which permits personal service on a corporation's officer.

Defendant waited until July 2018 to respond, after plaintiff had served the writ of execution. Defendant was solely responsible for its delayed response, and its allegation that the COO was caring for his wife after surgery cannot excuse defendant's failure to respond to a complaint of which it was aware for eight months. See Mancini, 132 N.J. at 334; Marder, 84 N.J. Super. at 318. We are satisfied that the judge did not abuse her discretion in denying defendant's motion.

Similarly, we reject defendant's contention that the judge abused her discretion in declining to find that exceptional circumstances warranted relief from the default judgment. In that regard, defendant failed to explain why a grave injustice would occur absent the relief requested. Further, defendant failed to provide any evidence that would permit a finding of exceptional circumstances, such as lacking the freedom or knowledge of its requirement to respond or act. See Baumann, 95 N.J. at 396 (citation omitted); Perillo, 48 N.J. at 347. Defendant only asserted what it alleged to be a fraud claim. Fraud claims are subject to the one year limitation under Rule 4:50-2 and thus cannot serve as the basis for a claim for relief under Rule 4:50-1(f). See Baumann, 95 N.J. at 395 (citation omitted).

We also reject defendant's contention that the trial judge abused her discretion in denying defendant's motion for reconsideration. The only new information that defendant asserted in its motion concerned its COO's trip to New York City to assist his wife after surgery. As we have explained, these facts do not constitute excusable neglect. Further, defendant provided no reasonable explanation as to why the judge's denial of the motion to vacate the default judgment was irrationally based. See Cummings, 295 N.J. Super. at 384. Thus, we are satisfied that the judge did not abuse her discretion in denying defendant's motion.

To the extent we have not specifically addressed any remaining arguments raised by defendant, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1166-18T3