**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3435-18T1

YERUKHAM GELB,

     Plaintiff-Respondent,

v.

YOEL OSHRI, a/k/a
JOEL OSHRI,

     Defendant-Appellant.

_____

             Argued telephonically May 18, 2020 –
             Decided June 11, 2020

             Before Judges Ostrer and Vernoia.

             On appeal from the Superior Court of New Jersey, Law
             Division, Ocean County, Docket No. DC-001503-19.

             Yoel Oshri, appellant, argued the cause pro se.

             Lori C. Greenberg argued the cause for respondent
             (Lori C. Greenberg & Associates, attorneys; Lori C.
             Greenberg, on the brief).

PER CURIAM

In this action claiming unlawful detainer and seeking the ejectment of defendant Yoel Oshri from residential property (the property) owned by plaintiff Yerukham Gelb, defendant appeals from a February 25, 2019 Order For Writ of Possession [and] Ejectment, and a March 29, 2019 order entered by a different judge denying defendant's motion to disqualify the first judge, dismiss the complaint, and for a stay of the writ of possession. We find no merit to defendant's numerous contentions, and we therefore affirm.

The facts pertinent to the cause of action asserted in plaintiff's complaint for ejectment are undisputed. Defendant mortgaged the property to secure his payment of a $65,000 promissory note. See PNC Bank, NA v. Yoel Oshri, No. A-5121-15 (App. Div. Oct. 16, 2018) (slip op. at 2). Defendant defaulted on the promissory note in January 2013, and PNC Bank, NA filed a foreclosure action and obtained a final judgment of foreclosure against him. Id. at 3-4. Plaintiff purchased the property at a November 2017 sheriff sale that was held in accordance with orders issued by the court in the foreclosure case. Defendant appealed from the final judgment of foreclosure and other orders entered in the foreclosure case, and, in our October 2018 opinion, we affirmed the foreclosure court's judgment and orders. Id. at 9.

Defendant also sought relief from the final judgment of foreclosure in an action in the United States District Court for the District of New Jersey, but he did not name plaintiff a party in that litigation. On February 1, 2019, the District Court entered an order denying with prejudice defendant's motion to set aside the November 2017 sheriff's sale of the property to plaintiff.

Plaintiff recorded the sheriff's sale deed with the Ocean County Clerk on January 24, 2019. Almost two weeks later, he filed a verified complaint and order to show cause in the Law Division Special Civil Part alleging he was the property owner, defendant continued to occupy the property, and defendant refused to vacate it.[1] Plaintiff alleged he was deprived of the use and possession of the property by defendant's unlawful detainer of the property in violation of "N.J.S.A. 2A:39-1 et seq.," and plaintiff sought a judgment for unlawful detainer and a writ of possession directing the sheriff to remove defendant from the property.

Defendant does not include in the record on appeal the order to show cause entered by the court, but there is no dispute the court entered an order requiring

---

[1] Defendant's appendix includes a January 31, 2019 "3-DAY NOTICE TO QUIT PURSUANT TO N.J.S.A. 2A:35-1" from plaintiff's counsel to defendant demanding defendant vacate the property by February 3, 2019, because defendant is "not a tenant, was never a tenant, and [has] no legal right to the property."

defendant show cause on February 25, 2019, why the court should not order his ejectment from the property. Defendant's appendix includes a February 21, 2019 letter he claims he sent to the court in which he acknowledges receipt of the order to show cause and plaintiff's verified complaint. In his letter, defendant notes that he filed a motion to dismiss the complaint returnable on March 20, 2019, and he requested an adjournment of the February 25, 2019 return date of the order to show cause.[2]

The court did not grant defendant's adjournment request. At the February 25, 2019 proceeding, plaintiff testified he purchased the property at a sheriff's sale in November 2017, and, with the issuance of this court's October 2018 decision affirming the final judgment of foreclosure, he was authorized to record the sheriff's sale deed transferring title of the property to him. He also testified the United States District Court entered the February 1, 2019 order dismissing with prejudice defendant's challenge to the sheriff's sale.

---

[2] In defendant's appendix on appeal, he includes a copy of a February 21, 2019 "NOTICE OF MOTION TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION AND FRAUD UPON THE COURT." The notice of motion states "[d]efendant will rely upon the within certification and annexed [e]xhibits in support of this motion," but defendant did not include the purported certification or exhibits in the record on appeal.

Plaintiff further testified defendant was not a tenant and never paid rent; defendant continued to occupy the property; and defendant refused to vacate it. Plaintiff requested the court enter an ejectment order requiring defendant vacate the property. Defendant cross-examined plaintiff about the manner in which plaintiff funded the purchase of the property and the timing of the payments to the sheriff to complete the purchase following the sheriff's sale.

After hearing plaintiff's testimony, the court granted defendant's request for a writ of possession and for ejectment of defendant from the property. The court's February 25, 2019 order directed defendant vacate the property "pursuant to N.J.S.A. 2A:35-1 et seq." and provided that, if defendant failed to vacate the property as directed, defendant could seek a writ of possession from the Special Civil Part Clerk's Office directing the sheriff remove defendant from the property.

Defendant subsequently filed a motion to disqualify the trial judge, dismiss the complaint for lack of jurisdiction and fraud, and stay the writ of possession. On the return date of the motion, the trial judge was unavailable, and the motion was heard by the Assignment Judge of the vicinage.

After hearing argument on the motions, the judge explained that following entry of the final judgment of foreclosure in the PNC Bank, NA action, plaintiff

purchased the property at a November 2017 sheriff's sale and recorded the deed in January 2019.  The judge also noted that this court affirmed the final judgment of foreclosure on defendant's appeal, and the United States District Court dismissed with prejudice defendant's challenge to the validity of the sheriff's sale of the property to plaintiff.  The judge found plaintiff was the owner of the property and had moved for the ejectment of defendant.

The judge considered defendant's motion in part as one for reconsideration.  The judge found no basis supporting the disqualification of the first judge, and determined an action for ejectment could properly proceed, as it did here, in a summary manner based on the papers submitted as supplemented by testimony deemed relevant by the court.  The judge noted the proceeding before the first judge was for the purpose of determining the owner of the property and who was entitled to possession of it.  The judge found the record before the first judge established plaintiff owns the property and defendant has no right of possession in the property.

The judge concluded there was no basis to reconsider the ejectment order. The judge rejected defendant's assertions the court lacked jurisdiction, and found defendant's filing of a lis pendens had no effect on plaintiff's ownership of the property.  In addition, the judge rejected defendant's claim there were

6

defects in the sheriff's sale, noting those issues should have been, and were, addressed in the foreclosure action. The judge also rejected defendant's claim he was entitled to a jury trial because defendant did not request a jury trial before the February 25, 2019 proceeding and the first judge appropriately considered plaintiff's claims for unlawful detainer and an ejectment order in a summary proceeding. The court entered an order denying the relief requested in defendant's motion, but granted a fourteen-day stay of the ejectment to allow defendant time to move from the property. Defendant subsequently vacated the property, and appealed from the court's orders.

In his pro se brief, defendant presents the following arguments for our consideration:

> Point 1
>
> Insufficient Service of process. The Plaintiff failed to serve the Defendant with his Complaint, Order to Show Cause, and the Summons. Pursuant to Rule 4:4-1 the Complaint shall be dismissed pursuant to R. 4:37-2(b).
>
> Point 2
>
> Insufficient Service of process. The Plaintiff violated Rule 4:4-2 when he failed to serve the Defendant with a proper summons in the form prescribed by Appendix XXI-A to these rules and therefore shall be dismissed as a matter of law.

Point 3

Cognizability. The Plaintiff's Complaint is not cognizable in the Special Civil Part and therefore shall be dismissed for lack of jurisdiction as a matter of law.

Point 4

Plaintiff's Certification of No Other Actions is false. His false signed Certification intended to mislead the Court to believe that [there] were no other actions pending when he knew that it was not true and in fact false and shall be dismissed as a matter of law.

Point 5

Pursuant to Rule 6:21-1 the Plaintiff failed to serve the Defendant with his Summons and his Complaint shall be dismissed as a matter of law.

Point 7[3]

Pursuant to Rule 4:67-4(b) the Defendant is entitled to a trial by jury on Plaintiff's summary proceeding action because it was filed pursuant to Rule 4:67-1 and therefore the Plaintiff's Complaint shall be dismissed as a matter of law.

---

[3] The table of contents of defendant's brief refers to an argument designated as "Point 6" and entitled "Pursuant to Rule 4:67-1, the Plaintiff's Complaint shall have been filed in the Law Division or the Chancery Division and not in the Special Civil Part and shall be dismissed as a matter of law," but the brief includes no argument under such a brief point or heading. An argument not presented in a party's brief is deemed waived. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

A "trial court's interpretations of the law and the legal consequences that flow from established facts are not entitled to any special deference," Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), and its interpretation of court rules is also subject to de novo review, Myron Corp. v. Atl. Mut. Ins. Corp., 407 N.J. Super. 302, 309 (App. Div. 2009), aff'd o.b., 203 N.J. 537 (2010). We therefore review de novo the trial court's orders, inasmuch as they were based on the application of legal principles.

We first observe defendant does not argue the trial court erred by finding he was without any legally enforceable right to remain on the property, and plaintiff owned the property and was entitled to possession of it. Thus, defendant does not directly dispute there was sufficient credible evidence supporting the court's determination plaintiff was entitled to the ejectment of plaintiff from the property under N.J.S.A. 2A:35-1. See generally Marder v. Realty Constr. Co., 84 N.J. Super. 313, 320 (App. Div.) (observing "[t]here can be no doubt that N.J.S.A. 2A:35-1, is intended to allow a remedy to one who claims title to property in the possession of another. The statute replaces the common law action of ejectment"), aff'd, 43 N.J. 508 (1964)); accord J&M Land Co. v. First Union Nat'l Bank ex rel. Meyer, 166 N.J. 493, 520-21 (2001).

Defendant's arguments instead focus on purported procedural issues he contends require reversal. His arguments, however, are based on misinterpretations and misapplications of the applicable statutes and Rules of Court, and his assertions of fact are contradicted by the record. For example, defendant argues plaintiff's action for ejectment and possession of the property under N.J.S.A. 2A:35-1 and N.J.S.A. 2A:39-6 is not cognizable in the Special Civil Part, but he ignores Rule 6:1-2(a)(4) which expressly provides that "[s]ummary actions for the possession of real property pursuant to N.J.S.A. 2A:35-1 et seq., where the defendant has no colorable claim of title or possession, or pursuant to N.J.S.A. 2A:39-1 et seq.," are "cognizable in the Special Civil Part." Moreover, Rule 4:3-1(a)(4)(F) similarly provides that where an "ownership interest . . . pertaining to an ejectment is the only relief sought" in an action, it may be filed in the Chancery Division, Law Division or Law Division, Special Civil Part.

Defendant's claim he was not properly served with the verified complaint and order to show cause is not only untethered to any competent evidence,[4] it is belied by the record, which includes plaintiff's counsel's certification of service

---

[4] Defendant's allegation is not, for example, supported by an affidavit or certification that was submitted to the Law Division Special Civil Part. See R. 1:6-6.

of the verified complaint and order to show cause on defendant.  Additionally, defendant's appendix includes a February 21, 2019 letter he wrote to the court expressly stating he received the verified complaint and the order to show cause.

Defendant also asserts he was not properly served with a summons as required by <u>Rule</u> 4:4-1, and, as a result, the verified complaint should have been dismissed pursuant to <u>Rule</u> 4:37-2(b) and <u>Rule</u> 6:2-1.  Again, defendant's argument is founded on a misinterpretation of, and failure to recognize or apply, the applicable Rules.

<u>Rules</u> 4:4-1 and 4:4-2 respectively describe the requirements for the issuance and form of summonses.  Although the form of a summons in a Special Civil Part proceeding must generally comply with the requirements of <u>Rule</u> 4:4-2, in "summary ejectment and unlawful . . . detainer actions," <u>Rule</u> 6:2-1 permits use of either a "summons or [a] signed order to show cause used as original process."  This is in accord with <u>Rule</u> 4:67-3, which provides that an order to show cause issued in action in which the court is permitted by statute to proceed in a summary manner, <u>see</u> <u>R.</u> 4:67-1(a), "no summons shall issue unless the court otherwise orders," <u>R.</u> 4:67-3.  Instead, "[t]he order to show cause, together with a copy of the complaint and affidavits . . . shall be served . . . in the manner prescribed by [<u>Rule</u>] 4:4-3 and [<u>Rule</u>] 4:4 for the service of the summons."  <u>Ibid.</u>

Here, plaintiff's complaint sought relief pursuant to N.J.S.A. 2A:39-6, which authorizes a court to determine actions for unlawful detainer of property "in a summary manner." Plaintiff therefore properly brought his action in accordance with Rule 4:67-1(a), which permits the filing of summary actions where, as here, "the court is permitted by . . . statute to proceed in a summary manner." Thus, plaintiff was not required to serve process by issuance of a summons, R. 4:67-3, and correctly employed the order to show cause and verified complaint to effectuate service of process on defendant, ibid. In his letter to the court, defendant acknowledged receiving the order to show cause and verified complaint, and he does not otherwise claim the order to show cause did not comply with the requirements of Rule 6:2-1.[5]

There is also no merit to defendant's claim he was entitled to a jury trial. As noted, plaintiff filed his complaint as a summary action in accordance with Rule 4:67-1(a), which allows the court to proceed in a summary manner where "permitted by rule or by statute." Plaintiff sought defendant's ejectment as result

---

[5] Rule 6:2-1 provides the "summons or signed order to show cause used as original process" in "summary ejectment and unlawful . . . detainer actions" shall, "in lieu of directing the defendant to file an answer[,] . . . require the defendant to appear and state a defense at a certain time and place . . . , and shall notify the defendant that upon failure to do so, judgment by default may be rendered for the relief demanded in the complaint."

of his unlawful detainer in accordance with N.J.S.A. 2A:39-6, which provides for disposition of such actions "in a summary manner."

At the commencement of the February 25, 2019 proceeding on the return of the order to show cause, defendant made a request for a jury trial that the court denied. Defendant claims the court erred by denying his request, asserting he was entitled to a jury trial under Rule 4:67-4(b) because there were "genuine issues of fact" requiring adjudication before a jury. We reject defendant's argument because Rule 4:67-4(b) is inapposite; it applies to proceedings in which a motion is made in accordance with Rule 4:67-1(b) for disposition of a matter in a summary manner. See Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:67-4(b) (2020) (explaining "[a] defendant having the right to a jury trial can defeat a motion for summary proceeding" made pursuant to 4:67-4(b) "by demanding a jury trial" in accordance with the Rule); see also MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 550-51 (App. Div. 2005) (explaining the differences between proceedings conducted under Rule 4:67-1(a) and -1(b)). Plaintiff did not, however, move for a summary proceeding under Rule 4:67-1(b); the complaint and order to show cause were filed in accordance with, and proceeded before the court pursuant to, Rule 4:67-1(a), thereby rendering Rule 4:67-4(b) inapposite.

Moreover, even assuming it applied here, <u>Rule</u> 4:67-4(b) requires a jury trial where the court finds "the existence of a genuine issue of material fact."[6] Contrary to his unsupported claims, the record shows defendant failed to present any competent evidence demonstrating any genuine issues of material fact requiring a plenary trial.

We recognize defendant's brief on appeal is replete with assertions there were genuine issues of material fact precluding the court from proceeding on plaintiff's claim in a summary manner. We do not consider the assertions because most were never made before the trial court. <u>See</u> <u>State v. Robinson</u>, 200 N.J. 1, 20 (2009) (explaining we will generally decline to consider arguments that were "not properly presented to the trial court" and do not "go to the jurisdiction of the trial court or concern matters of great public interest" (quoting <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973))).

We also reject the assertions because defendant failed to present competent evidence to the trial court properly raising the purported genuine issues of material fact. <u>See</u> <u>R.</u> 1:6-6. The factual assertions made in defendant's

---

[6] We need not address whether defendant had a "right" to a jury trial because defendant offers no legal argument or authority establishing such a right, <u>see</u> <u>Sklodowsky</u>, 417 N.J. Super. at 657, and defendant did not demand a jury trial in accordance with the requirements of <u>Rule</u> 4:67-4(b).

brief on appeal, all of which find no support in the evidentiary record, are simply insufficient to raise any genuine issues of material fact concerning plaintiff's ownership of the property or his right to possession of it. See Baldyga v. Oldman, 261 N.J. Super. 259, 265 (App. Div. 1993) ("The comments following [Rule 1:6-6] illustrate that its purpose is to . . . eliminate the presentation of facts which are not of record by unsworn statement[s] . . . made in briefs and oral arguments.").

For each of the forgoing reasons, we reject defendant's contention he was entitled to a jury trial under Rule 4:67-4(b), and the court erred by denying his request for same. The court properly disposed of plaintiff's claim in a summary manner on the return date of the order to show cause in accordance with the provisions of Rule 4:67 based on the undisputed competent evidence establishing defendant's interest in the property was foreclosed; title to the property was transferred to plaintiff by the sheriff's deed; and defendant refused plaintiff's demand to vacate the property to which defendant had no ownership or possessory interest.

Any of defendant's arguments we have not expressly addressed are

without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-2(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3435-18T1