**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2481-19

WILMINGTON SAVINGS
FUND SOCIETY, FSB, as
trustee for STANWICH
MORTGAGE LOAN TRUST A,

     Plaintiff-Respondent,

v.

GLORIA ROMAN, deceased,
his/her heirs, devisees and
personal representatives, and his,
her, their or any of their successors
in right, title and interest,

     Defendant-Appellant,

and

STATE OF NEW JERSEY and
UNITED STATES OF AMERICA,

     Defendants.

_____

Submitted March 16, 2021 – Decided April 7, 2021

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-036552-15.

Richard Angueira, appellant pro se.

KML Law Group, P.C., attorneys for respondent (Kristina G. Murtha and J. Eric Kishbaugh, on the brief).

PER CURIAM

Richard Angueira appeals an order denying his motion to vacate a final judgment of foreclosure. Because we agree the procedure that produced the final judgment was flawed, we reverse the order denying Angueira's <u>Rule</u> 4:50 motion, vacate the final judgment, and remand for further proceedings.

The record reveals that, in 2004, Gloria Roman obtained a $130,000 loan from First Magnus Financial Corporation; she secured the loan's repayment by executing a mortgage on her Pleasantville home in favor of First Magnus's nominee, Mortgage Electronic Registration Systems, Inc. (MERS). The mortgage was duly recorded. In 2006, MERS assigned the mortgage to Countrywide Home Loans, Inc. In 2014, Countrywide assigned the mortgage to Ocwen Loan Servicing, LLC, and a year later, Ocwen assigned the mortgage to plaintiff. All these assignments were recorded.

2

Gloria Roman defaulted on the loan in October 2005, and no payments have since been made on her behalf. This foreclosure action was commenced in 2015, approximately ten years after the default. The action was dismissed for lack of prosecution in January 2018 but reinstated five months later.

Gloria Roman died on September 8, 2018. In March 2019, plaintiff filed an amended complaint, which alleged Gloria Roman's death and her ownership of the property at the time of death. By way of the amended complaint, plaintiff sought to foreclose the rights and interests in the property of "Gloria Roman, deceased, his/her heirs, devisees and personal representatives and his, her, their or any of their successors in right, title and interest."

Richard Angueira moved in May 2019 for an extension of the time to respond to the amended complaint, referring to himself in his pro se motion papers as the "new defendant." The judge granted the motion, stating in his June 24, 2019 order that "defendant's request for an extension in which to file an answer is granted[, and] an answer must be filed within 30 days from the date of this order." On July 22, 2019, Angueira filed a motion to dismiss. Apparently, the clerk's office found some deficiency in his pro se motion that was promptly cured. Then, on August 9, 2019 – before Angueira's motion to dismiss could be heard – plaintiff moved for the entry of final judgment.

A-2481-19

In moving to dismiss, Angueira argued that plaintiff lacked standing, failed to comply with those parts of Rule 4:64-4 regarding the need to plead acceleration with specificity, and failed to comply with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68. By way of his August 30, 2019 order, which was accompanied by a written decision, the judge denied Angueira's motion to dismiss.

Despite Angueira's opposition, plaintiff's motion for entry of a final judgment by default was granted and judgment was entered on September 3, 2019. Defendant attempted to file a timely answer to the complaint on September 9, 2019,[1] but the clerk refused to file the answer because judgment had already been entered.

Angueira moved to vacate the default judgment in January 2020. The motion was denied by the chancery judge the following month for reasons briefly stated in an oral decision.

Angueira appeals the denial of his Rule 4:50 motion, arguing:

> I. TRIAL COURT ERRED IN DENYING DEFENDANT THE RIGHT TO FILE A MOTION TO DISMISS BEFORE FILING FORMAL ANSWER.

---

[1] Rule 4:6-1(b)(1) fixes ten days as the time within which a party must file an answer after a denial of a Rule 4:6-2 motion to dismiss.

## II. TRIAL COURT ERRED IN FAILING TO ACKNOWLEDGE THAT NO DEFAULT JUDGMENT WAS EVER ENTERED AGAINST DEFENDANT CONCERNING THE AMENDED COMPLAINT.

Because we agree with the argument that the procedure resulting in the judgment of foreclosure was defective, we need not reach Angueira's second point.[2]

As noted during our brief discussion of this case's procedural history, Angueira appeared in the action and moved for time to respond to the complaint and was granted a thirty-day extension. Before filing an answer, Angueira submitted a motion to dismiss within that time frame; although it was deficient for some reason, that deficiency was readily cured. Despite the pendency of this motion, plaintiff filed a motion with the Office of Foreclosure seeking entry of final judgment. That motion should never have been submitted, let alone entertained. Angueira was not in default; he had appeared in the case by moving for an extension, then by moving to dismiss, and finally by submitting for filing – within ten days of the dismissal motion's denial, as permitted by Rule 4:6-

---

[2] As to this second issue, we would note that it appears Angueira was never named as a defendant even though the record reveals he was named in Gloria Roman's Last Will and Testament as her personal representative and was duly appointed to that position by the Atlantic County Surrogate's Court.

1(b)(1) – an answer to the complaint. His answer was rejected only because plaintiff had managed to obtain – in the interim – a default judgment.

In denying Angueira's Rule 4:50 motion, the judge relied on the fact that his June 24, 2019 order permitted only a thirty-day extension to answer the complaint, not to move to dismiss it. We reject this. That may be what the words of the order say but there is nothing in the record to suggest that the judge intended to deprive Angueira of every litigant's right to move to dismiss before answering. Indeed, if that was the judge's intention, one can only wonder why he denied the dismissal motion on its merits and not because the judge believed Angueira had no right to file the motion and was in default for not filing an answer within thirty days of the June 24 order.

The chancery judge also denied the Rule 4:50 motion because "[t]his is a situation where a default on the loan occurred in October 1, 2005" and for "14 years defendant has not made a payment and the plaintiff has paid taxes and insurance." This observation, even if true, overlooks the fact that the mortgage holder and its successors took no steps to assert its rights for ten years, and then – once filing suit – apparently did nothing for another three years. Even if these passages of time have some bearing on the court's Rule 4:50 motion decision, they should fall on plaintiff's side of the ledger, not Angueira's. We fail to see

A-2481-19

how plaintiff's inaction should somehow excuse plaintiff's procedural error in seeking a default judgment knowing that Angueira had appeared and was attempting to assert any rights he may have had in responding to this complaint. Moreover, the judge should have liberally indulged Angueira's motion rather than plaintiff's opposition and, in failing to do so, turned the applicable standard topsy-turvy. See Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318-19 (App. Div.) (holding that "the opening of default judgments should be viewed with greater liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached"), aff'd, 43 N.J. 508 (1964).

The judge abused his discretion in denying Angueira's motion to vacate. That motion should have been granted and the judge should have vacated the default judgment and allowed Angueira's answer to be filed.

Reversed and remanded for the entry of an order that both vacates the final judgment of foreclosure and allows Angueira's answer to be filed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2481-19