975 A.2d 1039 (2009)
409 N.J. Super. 64
PROFESSIONAL STONE, STUCCO & SIDING APPLICATORS, INC., a New Jersey Corporation, Plaintiff-Respondent,
v.
Jim CARTER, Defendant-Appellant.
DOCKET NO. A-0015-08T1.
Superior Court of New Jersey, Appellate Division.
Submitted July 14, 2009.
Decided August 6, 2009.
Law Offices of Peter M. Rozano, Union, for appellant (Peter M. Rozano, on the brief).
John H. Norton, for respondent.
Before Judges FISHER, GRALL and GILROY.
The opinion of the court was delivered by
FISHER, J.A.D.
In this appeal, we consider whether the trial judge erred in denying defendant's motion to vacate a default judgment. Because the judge implicitlyand mistakenly concluded that a second, more thorough, motion for relief was barred by his denial of an earlier insufficient motion for relief, we reverse.
The facts are relatively simple. Plaintiff filed a complaint on July 10, 2007, alleging it had performed work on defendant's home for which it had not been paid. Defendant was served with process a few months later. When defendant failed to timely file a responsive pleading, plaintiff *1040 obtained a default judgment on March 4, 2008, in the amount of $26,315.38, and thereafter began to execute on the judgment.
Defendant first moved for relief, pursuant to Rule 4:50, on May 19, 2008, slightly more than two months after entry of judgment. Apparently due to the exigency created by plaintiff's efforts at execution, defendant's motion papers were inadequate. The motions papers did not include a certification from defendant to either explain the failure to file a responsive pleading in a timely fashion or provide detail regarding a defense to the action. By way of handwritten notations in his order of June 6, 2008, which memorialized the motion's denial, the judge stated:
This application is denied. Movant failed to submit a brief with its [sic] original motion. More importantly applicant while [alleging] a vague meritorious defense and stating they [sic] wish[ed] to file a counterclaim under the [Consumer Fraud Act], never mentions excusable neglect nor provides any other basis under [Rule] 4:50-1 that would warrant the court granting the relief defendant seeks.[[1]]
Defendant quickly filed another motion, which provided a more detailed explanation. Defendant's certification indicated he had, prior to the entry of default, secured the assistance of counsel, who requested and obtained a thirty-day extension of time to file an answer. As explained by defendant, that attorney could not remain with the case; defendant thereafter recounted his extensive efforts to retain other counsel to represent him. Defendant also certified that in this same time frame he spoke with a representative of plaintiff in an attempt to resolve their differences. These new motion papers also contained a detailed description of defendant's contention that the work done on his home by plaintiff was not workmanlike.
The trial judge denied this second motion. In his July 21, 2008 order, the judge provided the following handwritten reason for denying relief:
Application is denied. This motion asks for the same relief as an earlier identical motion made [and] denied.
Defendant then filed a timely motion for reconsideration of the July 21, 2008 order, which the judge denied with the following notation in his August 15, 2008 order:
The court denied an earlier motion for reconsideration on 7/18/08 [sic]. At that point movant had 45 days to file a notice of appeal with the Appellate Division. This court does not have jurisdiction to hear this motion for the third time.
Defendant thereafter filed an appeal, seeking our review of the July 21, 2008 order.
In examining these circumstances, we start by recognizing that not only has defendant never sought our review of the June 6, 2008 order, but also that there is nothing erroneous about the judge's denial of defendant's first motion. The judge correctly observed that the moving papers were inadequate in that defendant had not explained why he failed to file a timely responsive pleading. As a result, the focus is on defendant's second motion.
*1041 In examining the second motion, we are satisfied that defendant provided facts sufficient to meet the excusable neglect standard set forth in Rule 4:50-1(a); the motion also contains sufficient allegations of a meritorious defense. The judge, however, concluded that this second motion was "identical" to the first as a reason for its denial. We reject this. The second motion was not "identical" to the first; unlike the first, defendant presented a prima facie case for the vacating of the judgment. The real question to be examined is whether there is any prohibition on a defendant's filing of a second motion for relief pursuant to Rule 4:50 following the denial of an inadequate first motion.
Motions seeking relief from default judgments are to be "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Constr. Co., 84 N.J.Super. 313, 319, 202 A.2d 175 (App.Div.), aff'd, 43 N.J. 508, 205 A.2d 744 (1964). See also Pressler, Current N.J. Court Rules, comment 4.1 on R. 4:50 (2009), and cases cited therein. Emanating largely from the equitable writ of audita querela, see Nichols v. Dissler, 31 N.J.L. 461, 463 (E. & A. 1863), Rule 4:50 is instinct with equitable considerations. Considering these equitable roots and the well-established mandate that we liberally view and indulge such motions, we find no cause to accept what seems implicit in the judge's holding  that a defendant is entitled to one application and one application only in seeking relief pursuant to Rule 4:50. The interests at stake, as well as our court rules' overarching goal of promoting the fair and efficient administration of justice, Ragusa v. Lau, 119 N.J. 276, 283-84, 575 A.2d 8 (1990), are not offended by a second timely motion for relief from a default judgment in these circumstances. This is particularly true where it seems readily apparent, as here, that defendant's first inadequate motion was doubtless hurried because plaintiff was actively pursuing execution on the default judgment.
To be clear, our holding is limited to the particular facts of this case. We by no means intend to suggest that parties are free to file duplicative Rule 4:50 motions in all cases. For example, courts need not be tolerant of a second Rule 4:50 motion when filed for the mere purpose of extending the time to appeal the order denying the first. See, e.g., 12 James W. Moore et al., Moore's Federal Practice § 60.69 (3d ed. 2003); Xerox Fin. Servs. Life Ins. Co. v. High Plains Lim. P'ship, 44 F.3d 1033, 1038 (1st Cir.1995). However, there is nothing about Rule 4:50, or the jurisprudence it has generated, that would prohibit a movant from seeking relief based upon a different theory in a second motion following the denial of an earlier motion for relief. See, e.g., Page v. Schweiker, 786 F.2d 150, 153-54 (3rd Cir. 1986). Similarly, we hold there is no reason to look askance at a second motion that follows hard on the heels of a first that was denied because in movant's haste  prompted by pending collection proceedings  the motion failed to adequately present the issues for a ruling on its merits.
We, therefore, reverse the July 21, 2008 order and remand for an order vacating the default judgment.[2] The trial judge is *1042 not foreclosed from imposing appropriate conditions upon the granting of the relief we have mandated. We do not retain jurisdiction.
NOTES
[1] Both parties have included copies of this order in their appendices, but neither copy contains an additional sentence in the judge's handwritten decision, part of which appears at the very bottom of the page. Considering that defendant has not appealed this order appealing only the judge's refusal to grant Rule 4:50 relief as sought in the subsequent motionwe need not concern ourselves with the balance of the judge's decision of June 6, 2008.
[2] Our disposition regarding the July 21, 2008 order makes unnecessary our further consideration of the subsequent order denying reconsideration. We note, however, that the last of the orders suggests that defendant failed to file a timely notice of appeal with regard to the July 21, 2008. This assumption is mistaken. As is readily apparent, the second motion was not a motion to reconsider the first order. It was the third motion that was a motion for reconsideration of the second order. That last motion was timely filed and the notice of appeal was, therefore, timely filed as well.