NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3980-15T3

TD BANK, NA,

 Plaintiff-Respondent,

v.

UNIVERSITY IMAGING CENTER, LLC;
NAJAM KAZMI and SURAYYA KAZMI,

 Defendants-Appellants,

and

CENTURY SAVINGS BANK; COLONIAL
BANK FSB; UNITED STATES OF
AMERICA; BANK OF AMERICA, NA;
SIEMENS FINANCIAL SERVICES, INC.;
ENTERPRISE ZONE DEVELOPMENT CORP.
OF VINELAND AND MILLVILLE;
SUSQUEHANNA BANK; COASTAL LEASING,
INC.; STATE OF NEW JERSEY; HARBOR
PAVILION CONDOMINIUM ASSOCIATION;
CUMBERLAND PROFESSIONAL CAMPUS
CONDOMINIUM ASSOCIATION T/A
CUMBERLAND PROFESSIONAL CAMPUS,
INC.,

 Defendants.
______________________________________

 Argued May 31, 2017 – Decided September 25, 2017

 Before Judges Ostrer and Vernoia.
 On appeal from the Superior Court of New
 Jersey, Chancery Division, Cumberland County,
 Docket No. F-036135-10.

 Michael Confusione argued the cause for
 appellants (Hegge & Confusione, LLC,
 attorneys; Mr. Confusione, of counsel and on
 the brief).

 Kyle Eingorn argued the cause for respondent
 (Dembo, Brown & Burns LLP, attorneys; Mr.
 Eingorn, on the brief).

PER CURIAM

 Defendants appeal the denial of their motion to vacate a

final judgment of foreclosure. Plaintiff-mortgagee TD Bank, NA,

foreclosed on a commercial condominium owned by defendant-

mortgagor University Imaging Center, LLC, a medical imaging

company of which defendant Najam Kazmi, M.D., serves as principal

and sole member. As we discern no abuse of the trial court's

discretion, we affirm.

 On February 28, 2006, the company executed a note promising

to repay a $665,000.00 loan from Commerce Bank, NA, to which TD

succeeded by merger. Dr. Kazmi and Surayya Kazmi guaranteed

payment. The note was secured by a mortgage on the property where

the company conducted its business.

 Defendants first fell behind on payments in September 2009.

They fell further behind over the subsequent months as TD required

them to pay increasing charges to make up for their delinquency.

 2 A-3980-15T3
Defendants also failed to pay certain municipal taxes in 2008 and

2009. In May 2010, TD declared the loan to be in default and

filed a complaint in the Law Division seeking payment of the entire

balance of the loan. This was followed in July 2010 by a mortgage

foreclosure complaint.1

 Defendants' participation in the lawsuits was episodic. They

did not participate in the Law Division action, and a final default

judgment was entered in September 2010 in the amount of

$652,145.55. By contrast, defendants filed an answer in the

foreclosure action, asserting they had "tendered payment" to TD

and were not "indebted" to TD. But, defendants took no discovery

and did not oppose a motion for summary judgment, which was granted

in March 2012, striking the answer and entering default. A final

judgment of foreclosure, also unopposed, followed eighteen months

later. The order affirmed that TD had presented the appropriate

note, mortgage and "proofs . . . of the amount due . . . ."

 While the foreclosure case was pending, defendants tried to

settle their debt. They also sought and obtained several post-

judgment stays of the sheriff's sale, which the court granted to

1
 The complaint named various private and public creditors who had
obtained judgments against the company exceeding $3.5 million.
Dr. Kazmi admitted that after he opened the company, he acquired
other unprofitable radiological facilities, and he "drained" the
company's funds to support those acquisitions.

 3 A-3980-15T3
allow settlement negotiations to continue. The extra time was

fruitless, as defendants were unable to secure financing to pay

amounts TD required.

 On March 31, 2015, the sheriff's sale proceeded, and the

property was sold to COBA, Inc.2 Nevertheless, the company

continued to possess the property and operate there. Over six

months later, the court issued a writ of possession, ordering the

company to vacate the property. Two months after that, the sheriff

notified the company that it would be removed if it did not vacate

by January 19, 2016.

 Defendants twice unsuccessfully sought a stay of the removal.

In its order denying the second application, the court noted that

"multiple stays of the Sheriff's Sale were granted to allow

Defendant the opportunity to obtain new financing and on the

condition that Defendant pay the real estate taxes[,]" but it did

neither. The court further noted, "Despite not owning the property

for the past approximately ten months, Defendant continues to

operate its business at the foreclosed premises."

2
 Defendants assert this company is affiliated with TD bank, but
provided no competent evidence in support.

 4 A-3980-15T3
 In March 2016, defendants filed the motion to vacate the

foreclosure judgment that is the subject of this appeal.3 Dr.

Kazmi contended "new information [had come] to light," consisting

of the company's own bank statements, which he alleged demonstrated

that TD overcharged the company on the loan, and the company had

not defaulted in its payments. Defendants also challenged TD's

standing. In opposition, TD argued defendants' payment defense

was too late; and, in any event, defendants defaulted not only by

failing to make loan payments, but also by failing to pay taxes.

TD also contended that its standing was unassailable; no formal

assignment was required because Commerce Bank and TD merged.

 The court denied the motion, highlighting that defendants had

"many opportunities to defend," but defaulted in the Law Division

action, and failed to oppose TD's summary judgment motion and

application for entry of final judgment in the foreclosure action.

The court added, "The bank records were available for more than 6

years. No new evidence has been presented." This appeal followed.

 Defendants raise a single issue on appeal:

 The Chancery court erred in denying
 defendant[s'] motion for R. 4:50-1 relief
 seeking vacation of the final judgment of
 foreclosure.

3
 Defendants submitted a motion to vacate two months earlier, but
it was not formally filed.

 5 A-3980-15T3
 Our scope of review of the trial court's ruling on the Rule

4:50-1 motion is limited. As the Supreme Court observed in the

foreclosure context, a trial court's decision under Rule 4:50-1

"warrants substantial deference, and should not be reversed unless

it results in a clear abuse of discretion." U.S. Bank Nat'l Assn.

v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted).

Applying this standard, we discern no basis to disturb the trial

court's order.

 Rule 4:50-1 balances "the strong interests in finality of

judgments and judicial efficiency" with the equitable goal of

avoiding unjust results. Manning Eng'g, Inc. v. Hudson Cty. Park

Comm'n, 74 N.J. 113, 120 (1977). At bottom, the decision whether

to grant or deny a motion to vacate a judgment must be guided by

equitable considerations. Prof'l Stone, Stucco & Siding

Applicators, Inc. v. Carter, 409 N.J. Super. 64, 68 (App. Div.

2009). "[E]quity must be applied to plaintiffs as well as

defendants." Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J.

Super. 315, 320 (App. Div. 2012).

 Defendants rely specifically on Rule 4:50-1(e), which permits

relief from a judgment if "it is no longer equitable that the

judgment or order should have prospective application," and Rule

4:50-1(f), which permits relief for "any other reason justifying

relief from the operation of the judgment or order." Defendants

 6 A-3980-15T3
argue that TD improperly accelerated the monthly charge in 2009

after they failed to make their monthly payment. Defendants

further protest that TD inappropriately refused to accept certain

payments in the subsequent months. They also contend that the

court never properly established TD's status as a mortgagee of the

property. Last, they argue that TD acted in bad faith during the

failed negotiations to settle the debt.

 Only in rare circumstances will a court grant relief based

on either of the two Rule subsections defendants invoke. As to

Rule 4:50-1(e), our Supreme Court has set a "stringent standard."

DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 266 (2009). The

movant must show both that circumstances have changed since entry

of the order and that, "absent the relief requested, [its

enforcement] will result in extreme and unexpected hardship

. . . ." Ibid. (internal quotation marks and citation omitted).

Similarly, as to Rule 4:50-1(f), the Supreme Court has emphasized

that the provision should apply "only when truly exceptional

circumstances are present[,]" Hous. Auth. of Morristown v. Little,

135 N.J. 274, 286 (1994) (internal quotation marks and citation

omitted), and when "such relief is necessary to achieve a fair and

just result." Manning Eng'g Inc., supra, 74 N.J. at 122. See

also Baumann v. Marinaro, 95 N.J. 380, 395-98 (1984).

 7 A-3980-15T3
 We shall not disturb the trial court's determination that

defendants failed to meet these demanding standards. Defendants

articulate no change of circumstance or sudden exigency under Rule

4:50-1(e) that would render enforcement of the foreclosure order

unjust. Nor do they establish the sort of exceptional, grievous

circumstances warranting application of Rule 4:50-1(f). The

status of defendants' account did not suddenly change after

judgment was entered. The bank records that defendants offer in

support of their claim that TD overcharged their account were

available well before judgment was entered.

 Their standing argument, and their claim that TD violated its

obligation under Small Business Administration policy to negotiate

a workout, lack sufficient merit to warrant comment. R. 2:11-

3(e)(1)(E).4

 Defendants also failed to present their motion within a

"reasonable time" after entry of the judgment, as required by Rule

4
 We need not reach TD's argument that, based on the Law Division
default judgment, res judicata barred defendants' motion. But see
Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 182-85 (App.
Div. 1993) (finding collateral estoppel does not bind party against
whom default judgment was entered). Nor need we reach TD's
argument that defendants' appeal was rendered moot by the sale of
the mortgaged property. But see GMAC Mortgage, LLC v. Willoughby,
___ N.J. ___, ___ (2017) (slip op. at 31) (rejecting mootness
argument and holding that even if home were sold to a bona fide,
good faith purchaser, court could fashion a "suitable and equitable
remedy" for mortgagee's breach of loan modification agreement
after which it obtained foreclosure judgment).

 8 A-3980-15T3
4:50-2. Whether a party has moved timely rests in the court's

sound discretion, guided by equity and the need to terminate

litigation within a reasonable time to further the proper

administration of justice. Garza v. Paone, 44 N.J. Super. 553,

558 (App. Div. 1957). Here, over three years after entry of

summary judgment, over two years after entry of the final judgment

of foreclosure, and almost a year after the sheriff's sale,

defendants sought relief based on a payment defense — which they

previously asserted and then abandoned — based on documents, their

own bank statements, they should have discovered long ago.

Defendants also raised new arguments without offering any excuse

for their delay. The balance of equities – particularly "the

strong interests in finality of judgments and judicial efficiency"

– supported the denial of their motion. Manning Eng'g, Inc.,

supra, 74 N.J. at 120.

 Affirmed.

 9 A-3980-15T3