**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3182-18T1

ASTER HOLDINGS, LLC,

     Plaintiff-Appellant,

v.

RICHARD HEUBEL, FIOR
HEUBEL, US BK CUST/CRESTAR
CAPITAL, LLC, SABA PROPERTIES,
LLC, WELLS FARGO BANK, NA,
SUBROGEE FIRST AMERICAN
TITLE INSURANCE, RALPH
CALABRESE, and THE STATE
OF NEW JERSEY,

     Defendants-Respondents.

_____

Argued telephonically December 17, 2019 –
Decided January 14, 2020

Before Judges Yannotti, Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-013237-18.

Anthony Louis Velasquez argued the cause for appellant.

Patrick O. Lacsina argued the cause for respondent SABA Properties, LLC.

PER CURIAM

Plaintiff Aster Holdings, LLC, appeals from an order of the Law Division dated February 15, 2019, which granted defendant SABA Properties, LLC's (SABA) motion to vacate a tax foreclosure final judgment based upon excusable neglect under Rule 4:50-1. We reverse.

We briefly summarize the relevant facts and procedural history. In 2012, defendant Richard Heubel became the owner of a property located in Little Egg Harbor. Taxes were assessed against the premises in 2014 in the amount of $2,363.56. Heubel was delinquent in paying his taxes and the tax collector sold, at a public sale, tax certificate number 14-300 to N. or D. Resnick. It was duly recorded. Thereafter, the tax sale certificate was assigned to Trystone Capital Assets, LLC (Trystone) and recorded.

Trystone conducted a title search pursuant to Rule 4:64-1 and obtained a title report on May 16, 2018, which included all parties having an interest in the property. On May 22, 2018, Trystone served a Notice of Intent to file a complaint in accordance with N.J.S.A. 54:5-97.1 and 54:5-54. A run-down title search performed on July 20, 2018 revealed that on April 25, 2018, SABA entered into a mortgage with Heubel in the amount of $144,000. SABA's

mortgage was recorded on June 1, 2018. Upon learning this, Trystone amended its complaint to add SABA as a defendant on July 23, 2018. The record shows that when SABA entered into a mortgage agreement with Heubel, the amount due on the tax certificate was $29,219.16 plus fees and costs.

SABA did not redeem the certificate or otherwise participate in the tax foreclosure proceedings. On November 26, 2018, Trystone filed a notice of motion to substitute Aster Holdings, LLC as plaintiff. The trial court granted the motion on December 10, 2018. On January 9, 2019, the court entered final judgment.

On January 19, 2019, SABA filed a motion to vacate final judgment. Scott W. Bazzini, a managing member of SABA and an attorney, submitted a certification, stating, "[p]rior to executing the [m]ortgage, . . . Heubel made representations to [me], which [SABA] reasonably relied on when extending . . . Heubel the loan, that he would redeem the subject [certificate] and bring all municipality taxes current."

Bazzini further certified that the balance of the equities weighed in favor of SABA because SABA was prepared to redeem the tax certificate, would lose its $144,000.00 mortgage, and Aster would not be prejudiced since it would

A-3182-18T1

receive all owed amounts. SABA never argued it lacked knowledge of the foreclosure matter.

The judge conducted oral argument and rendered an oral decision. In granting the motion, he concluded that SABA established excusable neglect under Rule 4:50-1 because SABA was in contact with Heubel, was aware of the tax foreclosure, and was assured by the owner that the tax lien would be paid in full. The judge concluded that SABA moved promptly to vacate the final judgment upon learning that the tax lien had not been paid. The judge also found that SABA had presented a meritorious defense and had the ability to satisfy the outstanding judgment.

On appeal, plaintiff argues that the judge erred in concluding SABA's inaction constitutes excusable neglect; no facts in the record supported the judge's finding that SABA consulted with Heubel; and the judge's decision violates the public policy and legislative intent set forth in N.J.S.A. 54:5-52.

The decision on whether to grant a motion to vacate a default judgment is "left to the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion." Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993); see also U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (stating that a decision on an option to

vacate default judgment "should not be reversed unless it results in a clear abuse of discretion"). A motion to vacate a default judgment involves balancing a "strong interest[] in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 120 (1977). Accordingly, the decision whether to grant or deny a motion to vacate a default judgment must be guided by equitable considerations. Prof'l Stone, Stucco & Siding Applicators, Inc. v. Carter, 409 N.J. Super. 64, 68 (App. Div. 2009) (noting that "Rule 4:50 is instinct with equitable considerations").

We note initially that a trial court's determination granting or denying relief under Rule 4:50-1 is entitled to substantial deference and will not be reversed in the absence of a clear abuse of discretion. Guillaume, 209 N.J. at 467. To warrant reversal of the court's Rule 4:50-1 order, a party must show that the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

We recognize that Rule 4:50-1 governs a motion for relief from a tax sale foreclosure judgment, notwithstanding N.J.S.A. 54:5-87. See M & D Assocs. v. Mandara, 366 N.J. Super. 341, 351 (App. Div. 2004) (finding that, in a

5

foreclosure action, <u>Rule</u> 4:50-1 is paramount to statutes governing practice and procedure). The guiding principles are that the statutory limitation, and the underlying policy to grant stability of a foreclosure judgment, allows a court's exercise of its discretion under the rule. <u>Town of Phillipsburg v. Block 1508, Lot 12</u>, 380 N.J. Super. 159, 166-67 (App. Div. 2005). <u>Rule</u> 4:50-1 authorizes a court to:

> relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under <u>R.</u> 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" <u>Guillaume</u>, 209 N.J. at 467 (quoting <u>Mancini</u>, 132 N.J. at 334).

6                                                                                          A-3182-18T1

As noted, plaintiff argues that the judge erred by relying upon the lone statement by Bazzani as to why SABA failed to redeem, prevent foreclosure, join issue, or participate in the proceedings—a handshake agreement with Heubel that he would pay the taxes.

It is well-established that a default judgment will not be set aside unless the defendant's failure to answer or appear was excusable under the circumstances, and the defendant has shown a meritorious defense. Guillaume, 209 N.J. at 468; Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964). A court may find "excusable neglect" if the "default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, 209 N.J. at 468 (quoting Mancini, 132 N.J. at 335).

Here, the trial court mistakenly exercised its discretion by granting SABA's motion to vacate final judgment. SABA failed to show excusable neglect for its failure to respond to a plethora of notices in the face of its knowledge of the outstanding tax lien. Our careful review of the record shows SABA failed to communicate with Heubel to ascertain if he paid the taxes, and SABA did not undertake any effort to protect its interests.

A-3182-18T1

We are convinced, under the circumstances, SABA's failure to redeem the tax sale certificate and participate in the foreclosure matter was inexcusable. SABA was properly served with all pleadings and motions, including the order setting the time, place, and amount of redemption, and the motion to substitute plaintiff. Moreover, SABA did not oppose plaintiff's motion for final judgment.

Saliently, SABA has failed to establish a meritorious defense. Here, SABA chose not to timely redeem the certificate and therefore, foreclosure is warranted. There is no proof that SABA was in actual contact with Heubel, and no assurance or agreement that he would pay the taxes owed. The only mention of SABA receiving such a representation from Heubel was in April 2018 when the loan originated.

Furthermore, SABA is in the business of lending. And, SABA was represented by counsel at the time the mortgage was entered with Heubel. It is also significant that SABA referenced the outstanding obligation in its mortgage agreement with Heubel, confirming its knowledge of the obligation.

In view of our decision, we need not address the other issues raised by plaintiff.

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3182-18T1