**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3700-19T3

TRACEY M. PEREZ a/k/a
TRACEY PEREZ GARCIA,
individually and on behalf of
those similarly situated,

     Plaintiff-Respondent,

v.

LEONARD AUTO ENTERPRISES,
INC. d/b/a TOYOTA OF
HACKENSACK,

     Defendant-Appellant.

_____

Submitted January 12, 2021 – Decided  January 25, 2021

Before Judges Fisher and Moynihan.

On appeal before the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7019-19.

Ameri & Associates, attorneys for appellant (Nima Ameri and Steven A. Jayson, on the briefs).

Ballon Stoll Bader & Nadler, P.C., attorneys for respondent (Vano I. Haroutunian, on the brief).

PER CURIAM

Defendant Leonard Auto Enterprises, Inc. appeals orders that denied its motions to vacate a default judgment and for reconsideration. Because the motion judge should have viewed the reconsideration motion as a second, permissible Rule 4:50 motion, and because defendant presented a meritorious defense in that second motion, we reverse and remand.

In 2016, on her own behalf and others similarly situated, plaintiff Tracey M. Perez commenced an action against defendant, seeking damages based on: the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20; the Retail Installment Sales Act, N.J.S.A. 17:16C-1 to -61; the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18; the Truth in Lending Act, 15 U.S.C. §§ 1601 to 1667f; and the common law. That first action was dismissed when the trial court determined – on defendant's motion – that the contract by which plaintiff purchased a motor vehicle from defendant contained an agreement to arbitrate disputes. Plaintiff appealed that disposition, and we affirmed. Perez v. Leonard Auto Enters., Inc., No. A-2165-16 (App. Div. May 7, 2018).

Over a year later, in August 2019, plaintiff initiated a proceeding with the American Arbitration Association and sent notice of her demand for arbitration to both defendant by certified mail and the attorney who represented defendant

A-3700-19T3

in the earlier suit. AAA sent multiple notices concerning defendant's failure to pay arbitration fees to the same defense attorney. When defendant failed to respond to the claim or pay AAA's fees by the end of September 2019, AAA informed plaintiff that its consumer arbitration rules allowed her to sue again in an appropriate court.

Plaintiff filed her complaint in this action in early October 2019. Defendant was personally served but failed to respond to the complaint in a timely fashion. Default was entered and, on December 5, 2019, plaintiff moved for the entry of default judgment. The motion was also served on defendant, which did not oppose the motion but instead tardily sought its adjournment.[1] On the motion's January 10, 2020 return date, default judgment was entered in plaintiff's favor and against defendant in the amount of $191,514.06, which consisted of $42,175.38 in damages – trebled to $126,526.14 under the Consumer Fraud Act, N.J.S.A. 56:8-19 – and $64,987.92 in counsel fees.

---

[1] Defendant's current counsel reached out to plaintiff's counsel in the days preceding the motion's return date. They finally spoke on the return date, at which time plaintiff's counsel consented to an adjournment. Defense counsel then sent a letter to the motion judge the afternoon of the return date asking for an adjournment. Later, when he ruled on defendant's motion for reconsideration, the judge explained that he did not adjourn the motion because the request was received after he had ruled on the motion.

A-3700-19T3

Three weeks later, defendant moved to vacate the default judgment. Its motion was based on the certifications of two attorneys affiliated with the law firm currently representing defendant. One certification merely attached a "LinkedIn" profile of the attorney who appeared for defendant in the proceedings that resulted in an order compelling arbitration. That profile suggested that, in May 2017, the attorney left the law firm that had previously represented defendant. This fact was offered as a suggestion that notices sent to that attorney by AAA were sent in error, but neither this certification nor anything else in the record suggested that defendant ever advised plaintiff or AAA of this change of attorneys. That fact, however, is of passing interest; the proceedings in the 2016 lawsuit, including the prior appeal to this court, and AAA's brief involvement with these parties, are prologue but not particularly relevant to the current proceedings.

In its Rule 4:50 motion, defendant relied on a second certification from another attorney, who recounted current defense counsel's attempts to seek and obtain plaintiff's consent to an adjournment of the motion to enter default judgment. That certification also raised questions about plaintiff's motion to enter default judgment, focusing on the award to plaintiff of counsel fees on

matters – the arbitration issues – on which plaintiff lost.[2]  Beyond these things, the certification stated, without further explanation or elaboration:  "Defendant should be afforded the opportunity to defend on the merits of the matter and file an answer."

Defendant's presentation in its Rule 4:50 motion was inadequate in several respects.  In particular, nowhere in its moving papers did defendant explain or attempt to excuse its failure to timely respond to the complaint.  It described only the attempts to obtain an adjournment of the motion to enter default judgment.  It did not explain why defendant did not reach out to current counsel sooner so that counsel could file a timely response to the motion to enter default judgment.  In addition, other than to criticize the counsel fees awarded as part of the default judgment, defendant's Rule 4:50 motion did not outline or even suggest a meritorious defense.

After the Rule 4:50 motion was denied, defendant moved for reconsideration, this time providing a certification executed by its general

---

[2]  That assertion posed a legitimate concern about the default judgment itself. The motion to enter default judgment was also supported only by an attorney's certification that, a fortiori, was not based on personal knowledge – a requirement of Rule 1:6-6 – and conveyed no reliable facts about the cause of action or the damages allegedly incurred by plaintiff, with the exception of plaintiff's attorney fees.  Higgins v. Thurber, 413 N.J. Super. 1, 21 n.19 (App. Div. 2010), aff'd, 205 N.J. 227 (2011).

manager, who described defendant's alleged meritorious defense: LoJack systems are not installed by the manufacturer; they are installed after purchase, the contract obligated plaintiff to make an appointment for the installation, and plaintiff never scheduled the appointment. In attempting to demonstrate excusable neglect, defendant again focused on the AAA proceedings and what it believed was AAA's mistaken service of notices on an attorney that had ceased representing defendant. The general manager's certification provided no explanation for defendant's failure to timely respond to the complaint or timely respond to the motion to enter default judgment. And there was no explanation why these factual assertions were not submitted when defendant first moved under Rule 4:50. This motion was also denied.

In appealing, defendant argues the motion judge erred in: (1) "denying the consent of the parties to adjourn plaintiff's motion [to enter default judgment]"; (2) "denying [defendant's] motion to vacate default"; (3) "granting [plaintiff's] attorney's fees" in entering default judgment; (4) denying defendant's "motion for reconsideration"; and (5) calculating plaintiff's damages when entering default judgment.

We find no merit in defendant's first argument. The decision to grant or deny an adjournment request – with or without consent – is a matter falling

within the "sound discretion" of the trial court that we will not second-guess "unless it appears an injustice has been done." Allegro v. Afton Village Corp., 9 N.J. 156, 161 (1952). Despite defendant's attempt to suggest otherwise,[3] the record reveals that the judge ruled on the motion prior to his receipt of the request for an adjournment; he was not obligated to undo things once the adjournment request was received.

Defendant's third and fifth arguments address the default judgment itself. Although presenting legitimate concerns,[4] these arguments are premature. An aggrieved litigant must first demonstrate entitlement to relief from a default judgment before arguing some defect in the process that led to its entry or the content of the judgment itself. See Haber v. Haber, 253 N.J. Super. 413, 416 (App. Div. 1992) (holding that a defendant cannot directly appeal a default judgment but must first seek relief from it under Rule 4:50).[5]

---

[3] Defense counsel asserted that, on January 6, 2020, defendant advised her of the motion for entry of default judgment returnable on January 10, 2020, and yet the request for an adjournment – according to defense counsel – was first made at 1:45 p.m. on January 10.

[4] See n.2, above.

[5] For the same reason, defendant's first argument in this appeal may also be viewed as premature.

A-3700-19T3

We, thus, focus on defendant's second and fourth arguments and the pivotal question of whether the motion judge properly exercised his discretion in denying relief from the default judgment. The familiar standard requires that courts view Rule 4:50 motions "with great liberality" and "tolerate[]" "every reasonable ground for indulgence . . . to the end that a just result is reached." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964); see also Morristown Hous. Auth. v. Little, 135 N.J. 274, 283-84 (1994); Mancini v. EDS, 132 N.J. 330, 334 (1993); Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 540-41 (App. Div. 2003). We have already pointed out the inadequacies of defendant's first motion. It was based only on certifications of attorneys who lacked personal knowledge contrary to the requirements of Rule 1:6-6, and it failed to explain why defendant neglected to timely respond to the complaint or whether defendant had a meritorious defense to the claim other than what was said about the counsel fee award. Only when defendant moved for reconsideration did it attempt to assert a meritorious defense to plaintiff's claim.

The motion judge denied defendant's second motion by applying the framework courts utilize in determining the propriety of reconsideration. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (holding that

reconsideration should be granted only if the movant can show that the prior decision was based on a palpably incorrect or irrational basis or that the court failed to appropriately consider probative material).  We would agree that when viewing this motion as one which sought reconsideration of the earlier ruling – and to be sure, that is how the motion was labeled – the denial of reconsideration was well within the judge's discretion.

But we conclude that the judge should have viewed defendant's second motion more expansively.  The situation is somewhat similar to what occurred in Professional Stone, Stucco & Siding Applicators, Inc. v. Carter, 409 N.J. Super. 64 (App. Div. 2009).  There, the defendant's initial Rule 4:50 motion was hastily filed in an attempt to ward off the plaintiff's active collection efforts, id. at 69; here, defendant's initial motion was filed less than three weeks after defendant was denied an adjournment of the motion to enter default judgment. The initial motion in Professional Stone was properly found inadequate for much the same reason defendant's initial motion here was inadequate.  Id. at 67.  The defendant in Professional Stone then filed a second motion with a more fulsome explanation of the defendant's alleged defense and defendant's neglect in previously responding to the action.  Id. at 66.  We recognized in Professional

Stone that the letter and intent of our Court Rules do not preclude a second Rule 4:50 motion in those circumstances. Id. at 69.

Defendant seems to be in a similar position as the defendants in Professional Stone. In that spirit, and in the spirit of the Marder standard, 84 N.J. Super. at 319, the judge should have viewed the reconsideration motion as a renewed attempt to seek relief from the default judgment and not as an attempt to have the judge reconsider the prior denial. If so viewed, the judge would have been obligated to liberally indulge defendant's assertions. And, in considering what defendant presented on the second motion – a certification based on personal knowledge that alleged a meritorious defense to plaintiff's claims – the judge should have granted relief.[6]

Having said all that, we note that gaps remain in the collective presentation in both motions. Defendant has yet to explain its failure to timely respond to the complaint or to the motion for entry of default judgment. Defendant's efforts on the excusable-neglect front focus mainly on what they

---

[6] We would also note that both of defendant's motions presented legitimate questions about the quantum of damages awarded by way of the default judgment. It does not appear the judge conducted the analysis of the fee request required by Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995), and the overall fee award of more than $62,000 – when the fee award should have been limited to the pursuit of a judgment in this action, not the prior action or the arbitration – seems patently excessive.

10

believe was AAA's mistake in sending notices to defendant's former attorney; the steps defendant failed to take in arbitration, however, have nothing to do with defendant's failures to respond to either the complaint or the motion for a default judgment.[7]

Notwithstanding defendant's failure or inability to demonstrate "excusable neglect" under Rule 4:50-1(a), the motion judge could have considered defendant's application under Rule 4:50-1(f), which may be used to "achieve equity and justice," Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966), and will apply even if a defendant's failure to respond was inexcusable, Mancini, 132 N.J. at 334; LVNV Funding, L.L.C. v. DeAngelo, 464 N.J. Super. 103, 109 (App. Div. 2020). Defendant's failures to take proper steps once it was served with a summons and complaint and once it was served with a motion for entry

_____

[7] The certification supporting defendant's reconsideration motion asserted that the attorney to whom AAA sent its notices "was no longer representing" defendant and that had defendant known of the institution of the arbitration it "would have paid the fee to have this matter arbitrated, as . . . originally sought, rather than litigated in [c]ourt." As the motion judge correctly observed, there is nothing in the record to suggest that defendant ever advised AAA of its new attorney after plaintiff personally served defendant with its notice that an AAA arbitration had been instituted. In any event, whether AAA's disposition of the matter was proper and whether plaintiff had the right to reinstitute its causes of action in the trial court by way of a new complaint are no longer in question. The fact that defendant may have been confused or in the dark about what happened in arbitration is its own fault. In any event, as explained earlier, all that was prologue to defendant's failure to timely respond to this action.

of default judgment – even if inexcusable – were neither calculated nor willful. Mancini, 132 N.J. at 336; Nowosleska v. Steele, 400 N.J. Super. 297, 305 (App. Div. 2008). And the delays resulting from defendant's failure to wake up to this suit have not been lengthy, nor have they caused plaintiff any prejudice beyond the counsel fees incurred and the costs expended.

To be sure, defendant did not invoke Rule 4:50-1(f) in either of its trial court motions, but courts must be willing to disregard labels and focus on the substance of what is argued. Liberty Mut. Ins. Co. v. Garden State Surgical Ctr., L.L.C., 413 N.J. Super. 513, 523-24 (App. Div. 2010); see also Baumann v. Marinaro, 95 N.J. 380, 392-94 (1984); Applestein v. United Bd. & Carton Corp., 60 N.J. Super. 333, 348-49 (Ch. Div.), aff'd o.b., 33 N.J. 72 (1960). When a movant fails to present evidence that would support any of the first five subsections of Rule 4:50-1, courts are not foreclosed from considering the availability of relief under the sixth subsection, the so-called catchall provision. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 484 (2012). Although subsection (f) should be applied "sparingly" and "in exceptional situations" when necessary to prevent an injustice, Little, 135 N.J. at 289; see also Cmty. Realty Mgmt., Inc. v. Harris, 155 N.J. 212, 237 (1998), the ultimate goal of our court rules remains the promotion of the fair and efficient administration of

12

justice – a goal that prefers the disposition of cases on their merits rather than procedural missteps, Ragusa v. Lau, 119 N.J. 276, 283-84 (1990); Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 108 (1971); Tumarkin v. Friedman, 17 N.J. Super. 20, 27 (App. Div. 1951).  Defendant has presented meritorious defenses addressing both its liability and the damages plaintiff seeks.  The record also reveals that the default judgment was inherently defective in that it was based on the factual statements of an attorney who lacked personal knowledge of everything but plaintiff's counsel fees.  And, as to counsel fees, the judgment included a fee award that inexplicably includes compensation for plaintiff's erroneous attempt to avoid arbitration in the trial court and in this court in the first action.  To be sure, defendant has failed to present an explanation for its failure to respond to the complaint or the motion to enter default judgment.  But the delay this neglect has caused has been relatively brief, the cause for the delay has not been alleged to be willful or calculated, and any damage done to plaintiff may be redressed through the imposition of "such terms as are just." R. 4:50-1; ATFH Real Prop. v. Winberry Realty, 417 N.J. Super. 518, 526-29 (App. Div. 2010).

We reverse the orders under review and remand for the entry of an order vacating the default judgment and allowing defendant to file a pleading

responsive to the complaint. We do not foreclose the trial court's consideration of the imposition of conditions, under <u>Rule</u> 4:50-1, for granting defendant relief from the default judgment. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3700-19T3