**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2724-22

BOGUSLAW RUPINSKI and
DIVISION REALTY LLC,

     Plaintiffs-Respondents,

v.

CHRISTOPHER ESCUDERO,

     Defendant-Appellant.

_____

          Argued April 29, 2024 – Decided July 9, 2024

          Before Judges Gilson and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1492-22.

          Graham F. Fleetwood argued the cause for appellant (Fleetwood Legal, PC, attorneys; Graham F. Fleetwood, on the briefs).

          David M. Welt argued the cause for respondents (Welt & Kuzemczak, LLC, attorneys; David M. Welt, of counsel and on the brief).

PER CURIAM

Defendant Chrisopher Escudero appeals from the March 31, 2023 order of the Law Division denying his motion to vacate the February 6, 2023 default judgment entered against him. We vacate the March 31, 2023 order and remand.

I.

Plaintiff Boguslaw Rupinski is the managing member of plaintiff Division Realty, LLC (Division Realty), which owns real property in Jersey City. Pursuant to a lease, defendant operated a restaurant at the property.

On May 5, 2022, plaintiffs filed a complaint in the Law Division against defendant. They alleged defendant: (1) was in arrears on rent; (2) failed to cure deficiencies at the property that he caused; (3) failed to undertake repairs that were his obligation under the lease; (4) suddenly vacated the premises without notice; (5) left the premises in disrepair from intentional and negligent acts; (6) caused plaintiffs to suffer financial harm from a dishonored check; and (7) otherwise failed to abide by the terms of the lease. Plaintiffs asserted six causes of action: breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, fraud, unjust enrichment, and negligence.

On May 17, 2022, plaintiffs filed an affidavit of service. The affidavit stated that a copy of the complaint and summons were left at defendant's home address on May 12, 2022, "with a competent household member of over

2

[fourteen] years of age residing therein." The affidavit identifies the person with whom the complaint and summons were left only as "Antonio" and provides a physical description of him. The affidavit describes the place at which service was made only by street address, without identification of an apartment number.

Defendant did not file an answer or otherwise respond to the complaint. On June 20, 2022, the court entered default against defendant.

On December 20, 2022, plaintiffs moved for entry of default judgment against defendant in the amount of $50,677.20. A copy of the motion was served on defendant by mail at his home address.

On January 20, 2023, defendant, acting without counsel, filed a certification in opposition to the motion. The certification stated that defendant fulfilled his obligations under the lease, even though the property was overrun by rats caused by plaintiffs' construction activities on an adjoining property, had inadequate plumbing, and a leaky roof. Defendant also denied having responsibility for repairing the property and alleged that any damage to the property at the time he left was the result of ordinary wear and tear. The certification did not state that defendant was not served with the complaint.

On January 23, 2023, the court granted plaintiffs' motion and entered a final judgment on February 6, 2023. The parties have not provided this court

with a copy of the final judgment. Nor has either party stated whether the trial court held a proof hearing to determine the amount of damages awarded to plaintiffs. See R. 4:43-2(b).

On February 27, 2023, after retaining counsel, defendant attempted to file an answer, denying liability and asserting several defenses. It appears the trial court declined to file the answer, presumably because final judgment had been entered against defendant.

On March 9, 2023, defendant moved pursuant to Rule 4:50-1 to vacate the February 6, 2023 default judgment. Defendant argued that his failure to respond to the complaint was due to excusable neglect because he never received a copy of the complaint or of the notice of default. Defendant alleged that the first notice he received of the complaint was a copy of plaintiffs' motion for entry of a final judgment. He noted that he lives in a multi-unit building and that the affidavit of service does not contain his apartment number.[1]

---

[1] Defendant's appellate brief states that no member of his household is named Antonio. The brief cites as support for that assertion defendant's certification in support of his motion to vacate the final judgment. Defendant's certification, however, states only that his apartment number is not listed on the affidavit of service and does not state that no one named Antonio was a member of his household at the time the complaint was purportedly served. In his reply brief, defendant appears to concede that service may have been proper: "[t]he argument of [defendant] is not that service was necessarily improper as per the letter of the law but that regardless he did not receive it."

Defendant certified that in response to the motion for entry of a final judgment, it was his intention to file an answer to the complaint, and not opposition to the motion, and that he used a form he found on the court's website. He also noted that less than a month had passed between entry of the final judgment and the filing of his motion to vacate.

Defendant argued that he has a meritorious defense to the claims asserted in the complaint. According to defendant, plaintiffs are seeking to have him pay for a complete renovation to the premises and for repairs that are not his responsibility under the lease. In addition, he argued that plaintiffs forced him to vacate the property by their breach of the implied warranty of quiet enjoyment. Finally, defendant argued that if he is responsible for any damages, the amount he owes is far below the amount awarded in the final judgment.

On March 31, 2023, the trial court entered an order denying defendant's motion. The entirety of the court's opinion is: "[t]he [c]ourt records show that service of the [c]omplaint on [d]efendant Escudero was proper. Service was made at the same and only listed address for [d]efendant. Furthermore, by failing to plead improper service in their initial pleading, [d]efendant has admitted to being served at that address."

A-2724-22

This appeal followed. Defendant argues that the trial court erred because it did not engage in an analysis of whether his failure to respond to the complaint was due to excusable neglect or whether he had a meritorious defense to the claims raised in the complaint.

II.

Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977). To balance these goals, "[a] court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini v. EDS ex rel N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (alterations in original) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964)).

The movant bears the burden of demonstrating a right to relief. Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). All doubts, however, shall be resolved in favor of the party seeking relief. Mancini, 132 N.J. at 334. Equitable principles should influence a court's decision to

6

vacate a default judgment.  Hous. Auth. v. Little, 135 N.J. 274, 283 (1994); Pro. Stone, Stucco & Siding Applicators, Inc. v. Carter, 409 N.J. Super. 64, 68 (App. Div. 2009).

We review a trial court's decision to deny a motion to vacate a default judgment under Rule 4:50-1 for abuse of discretion.  Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012).  We will not reverse the trial court's decision unless it is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).  Indeed, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be "clear" to warrant reversal.  Ibid.

Rule 4:50-1 provides, in relevant part:

> [o]n motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect . . . .

Under subsection (a) of the Rule, a "defendant seeking to set aside a default judgment must establish that his failure to answer was due to excusable neglect and that he has a meritorious defense."  Deutsche Bank, 429 N.J. Super.

at 98 (quoting <u>Goldhaber v. Kohlenberg</u>, 395 N.J. Super. 380, 391 (App. Div. 2007)). Excusable neglect refers to a default that is "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." <u>Ibid.</u> (quoting <u>Guillame</u>, 209 N.J. at 468). The type of mistake warranting relief under the <u>Rule</u> is one that the party could not have protected themselves against. <u>DEG, LLC v. Twp. of Fairfield</u>, 198 N.J. 242, 263 (2009).

Because the trial court did not make sufficient findings of fact and conclusions of law explaining its denial of defendant's motion, we are unable to determine whether denial of the motion was an abuse of the trial court's discretion. <u>Rule</u> 1:7-4(a) states that a trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury . . . ." "The rule requires specific findings of fact and conclusions of law . . . ." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1 on <u>R.</u> 1:7-4 (2024).

The trial court failed to make findings of fact or conclusions of law with respect to both factors of the established test to determine if relief from the February 6, 2023 final judgment is warranted: whether defendant demonstrated excusable neglect for not answering the complaint and whether he has a meritorious defense to the claims alleged against him by plaintiffs.

A-2724-22

The trial court denied defendant's motion based on its finding that service of the complaint was proper and that defendant did not assert a defense of ineffective service in his answer. With respect to whether defendant was served with the complaint, the court did not address defendant's argument that the affidavit of service lists only his street address, but not the apartment number in the multi-unit building in which he lives. Nor did the court make any findings of fact with respect to whether anyone named Antonio, or who fits the physical description set forth in the affidavit of service, was a competent member of defendant's household at the time plaintiffs contend the complaint was served. In light of defendant's uncontested assertion that he resides in a multi-unit building and the bare information in the affidavit of service regarding Antonio – no surname, no apartment number, no indication of his relationship to defendant – it was necessary for the trial court to make an explicit finding of fact that a copy of the complaint was left with a person who satisfied the requirements to accept service on behalf of defendant.

In addition, the court did not address whether, if service was effectuated on defendant, he can establish excusable neglect for not answering the complaint. In his reply brief, defendant suggests that service on Antonio may have been proper, but he was never given a copy of the complaint.

9

"[C]arelessness may be excusable when attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Romero v. Gold Star Distribution, LLC, 468 N.J. Super. 274, 294 (App. Div. 2021) (quoting Mancini, 132 N.J. at 335). If, in fact, Antonio was an appropriate person with whom to leave the complaint, the trial court must make findings of fact with respect to what transpired after he was given a copy of the complaint and whether, in light of those findings, defendant has established excusable neglect.

With respect to the trial court's conclusion that defendant did not assert a defense of ineffective service in his answer, the record before us suggests the trial court rejected defendant's attempt to file an answer his counsel submitted after entry of the final judgment. We recognize that defendant did not, in opposition to plaintiffs' motion for entry of final judgment, argue that he was not served with the complaint. That submission, however, was made without the benefit of counsel. While defendant's failure to raise the issue of service cannot be discounted entirely, the trial court did not make detailed findings of fact and conclusions of law with respect to whether defendant's failure to raise that argument in opposition to the motion can be considered excusable neglect.[2]

---

[2] We note that the trial court did not address the fact that defendant moved to vacate the February 6, 2023 judgment approximately one month after its entry. Defendant's promptness may militate toward granting his motion.

In addition, the trial court made no findings of fact or conclusions of law with respect to whether defendant has a meritorious defense to the claims alleged against him in the complaint. Defendant raised several defenses to plaintiffs' allegations in his motion papers, none of which were addressed by the trial court.

Finally, there is nothing in the record showing that the trial court conducted a proof hearing on plaintiffs' alleged damages. Even if default judgment was properly entered, the trial court was required to conduct a proof hearing and defendant was entitled to appear and oppose the alleged damages. See R. 4:43-2(b)("If, to enable the court to enter judgment . . . it is necessary . . . to determine the amount of damages or to establish the truth of any allegation by evidence . . . , the court, on its own motion or at the request of a party on notice to the defaulting defendant . . . , may conduct such proof hearings . . . ."). A proof hearing should be held when, as is the case here, it is necessary to determine the quantum of damage and entitlement to relief. EnviroFinance Group, LLC v. Env't Barrier Co, LLC, 440 N.J. Super. 325, 343 (App. Div. 2015). In addition, "[e]ven though a defendant who had defaulted has relinquished the right to present affirmative proofs in the matter, the right to challenge a plaintiff's showings in a proof hearing by way of cross-examination and argument should not ordinarily be precluded." Chakravarti v. Pegasus

Consulting Grp., Inc., 393 N.J. Super. 203, 210-11 (App Div. 2007). Thus, at a minimum, if no proof hearing was conducted, on remand the trial court must conduct a proof hearing.

In light of our conclusions, we vacate the March 31, 2023 order, and remand this matter for findings of fact and conclusions of law with respect to defendant's motion to vacate the February 6, 2023 final judgment. We leave to the trial court to determine whether additional submissions or an evidentiary hearing is necessary to decide defendant's motion. We also direct that if the judgment is not vacated, and no proof hearing was held, a proof hearing must be conducted, and defendant will have a right to appear at that hearing and oppose the alleged damages. Moreover, if no proof hearing was held, the February 6, 2023 final judgment must be vacated and a new final judgment must be entered based on the outcome of the proof hearing.

The March 31, 2023 order is vacated and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION